## HART v. GULF, M. & N. R. CO. *

### No. 16158.

Court of Appeal of Louisiana. Orleans.

April 6, 1936.

John J. Wingrave, of New Orleans, for appellant.

Don S. Wright, of Mobile, Ala., and Curtis, Hall & Foster, of New Orleans, for appellee.

McCALEB, Judge.

Anna Hart, a colored woman, brought this suit against the Gulf, Mobile & Northern Railroad Company for damages resulting from injuries inflicted upon her by the falling of glass while a passenger under a contract of carriage with the defendant.

The petition alleges, in substance, as follows:

On July 1, 1934, plaintiff purchased a railroad ticket from the defendant at the Terminal Station, Canal and Basin streets, in the city of New Orleans; that, as she walked through the railroad shed on Basin street for the purpose of boarding the train which was to take her to her destination, Franklinton, La., one of the large panes of glass fell out of the window of the passenger coach which she was about to enter and the broken glass severed the large artery and main ligaments of her left hand at the finger joints and that part of the glass also severed an artery in her left leg between the knee and ankle. She further alleges that the injury she sustained as a result of the falling glass was due to the gross negligence of the defendant, its agents and servants; that, when she purchased her railroad ticket and went through the station to reach her train, she was entitled to a safe passage to her destination, and that the glass of the window broke and fell upon her suddenly and without warning.

After reciting in detail the nature of her injuries, she prayed for judgment against the defendant in the sum of $4,991.50 for her claimed mental anguish, pain and suffering, and permanent injuries, and the sum of $8.50 for medical expenses, et cetera.

To this petition the defendant filed an exception of vagueness and no cause of action, which was overruled, and thereafter filed an answer admitting in substance that the plaintiff was injured by the falling of

the broken glass from a window of one of its coaches, but specifically denying that the accident was caused through any fault or negligence on its part, and charging, on the contrary, that the pane of glass was broken by a person not in the service or employment of the defendant and over whom the defendant exercised no control whatsoever. The answer concludes with a prayer for the dismissal of plaintiff's suit.

A trial was had, and, after hearing the evidence, the district judge found for the defendant on two grounds: First, that the burden of proof was upon the plaintiff to show negligence on the part of the defendant by a preponderance of the evidence and that the plaintiff had failed to prove her case; and, second, that notwithstanding the fact that the burden of proof was upon the plaintiff to show negligence, the defendant had introduced proof to show that the accident occurred through the act of a third person not connected with defendant and over whose actions it was without supervision and control.

From this judgment of dismissal plaintiff has appealed.

**▮** At the outset we are called upon to determine whether, in an action for damages growing out of injuries to a passenger while riding on the trains of a carrier, or upon the premises of the carrier while in the act of boarding or leaving the coaches of the carrier, the burden of proof is upon plaintiff to show negligence on the part of the carrier by a preponderance of the evidence or whether the burden of proving a freedom from fault is upon the carrier.

We are pressed with the argument that a carrier is not an insurer against accidents to its passengers, and cases from common-law states are cited to sustain the proposition that the burden of proving negligence is upon the plaintiff.

However, such is not the law of Louisiana. Beginning with the case of Frazier v. South New Orleans Light & Traction Co., No. 8608 of the docket of this court (see Louisiana and Southern Digest), it was held: "When a passenger suffers injury, the carrier is liable in damages, unless he proves that the damages were not his fault, and were the result of the passenger's own fault."

In the case of Johnson v. Missouri Pac. R. R. Co., 2 La.App. 244, the court, quoting from the case of Haynes v. Louisiana Ry. & Nav. Co., 140 La. 1019, 74 So. 538, said: "The burden of proof is on the carrier to prove the absence of negligence, and not on the passenger to prove negligence, *where it is shown that a contract of carriage has not been fulfilled*" (italics ours), citing, also, Hopkins v. New Orleans Ry. & Light Co., 150 La. 61, 90 So. 512, 19 A.L.R. 1362.

In Poncet v. South N. O. Light & Traction Co., 3 La.App. 64, this court, in quoting from the opinion of the Supreme Court in the Hopkins Case, supra, said:

"It is sufficient for a passenger suing on a contract for safe passage to show that he was not set down safely at his destination to throw the burden of explanation on the carrier to prove what negligence and whose prevented the fulfillment of the contractual obligation.

"The burden is on the carrier to establish affirmatively the contributory negligence of the passenger."

To the same effect see Rizzo v. New Orleans Ry. & Light Co., 7 La.App. 686; Larose v. New Orleans Pub. Serv., Inc., 10 La.App. 91, 119 So. 908; Cusimano v. New Orleans Pub. Serv., Inc., 170 La. 95, 97, 127 So. 376; Nee v. New Orleans Pub. Serv., Inc., 11 La.App. 1, 123 So. 135.

In the Cusimano Case, supra, there was some modification of the doctrine expressed in the former cases, not, however, of any importance here. It was there held that the carrier is not required to show whose fault caused the accident, but only that it was blameless.

The jurisprudence, as qualified by the Cusimano Case, may be stated to be that, because of contractual relationship existing between the passenger and the carrier, the duty is upon the carrier to transport the passenger safely to his destination. If, during the course of such transportation, the passenger is injured by an instrumentality owned or controlled by the carrier, the burden is upon the carrier to show, by a preponderance of the evidence, that it is without fault. This doctrine is not to be extended to mean that the carrier is an insurer of the safety of its passengers, but, due to its contractual obligation for safe carriage, coupled with the fact of injury caused by an instrumentality under its control, casts upon it the duty of exonerating itself from negligence. We may also add that the law imposes upon the carrier the highest degree of care respecting the safe transportation of its passengers.

Having determined that the burden in the instant case was upon the defendant to show

that the falling of the glass from the window of its passenger coach was not occasioned through its negligence, we next consider whether the defendant has successfully carried that burden.

The defense is that the window of defendant's coach was broken through the negligence of one Willie Conerly, a third person unconnected with the defendant, and that the window itself was in good condition, free from any vices or defects.

Because of the fact that a carrier is not an insurer of the safety of its passengers, it follows that an injury inflicted upon the passenger through the negligent act of a fellow passenger,¹ or a third person, will exempt the carrier from responsibility unless the carrier, its agents or employees, has been guilty of some lack of duty or care respecting the injured passenger and could have foreseen and, by use of precaution, might have prevented, the accident.

Here the defendant produced Willie Conerly as a witness on its behalf. He testified that on the date of the accident his wife was a passenger on defendant's train. He accompanied her to the station, and was sitting with her in the passenger coach prior to the departure of the train. His wife requested him to raise the window next to her seat in the passenger coach, and, he (Conerly) leaned across his wife to open the window. He says that he placed his hands upon the fastenings on either side of the window in order to raise it in the usual manner; that the window was hard to raise and his left hand slipped from the catch, striking the window pane and breaking it. He testifies that the window must have been stuck, because, although he is a colored man of great physical strength, he was unable to raise the window.

Defendant further produced the porter and two car inspectors, who testified, in substance, that the equipment on the passenger coach involved in the accident was in sound condition; that the window in which the pane was broken was examined shortly after that and found to be in good working order.

The porter testified that it is quite impossible for the coach's windows to be opened where there is another person in between the window to be opened and the person attempting to open it. He further states that he was called upon by passengers on numerous occasions to open windows for them and that he invariably made them move from the seat next to the window in order that he could open the window without difficulty.

The district judge evidently believed Conerly's statement, and it is apparent that the glass was broken in the manner described by that witness. There is also ample proof tendered by the defendant to show that the window which was broken was subjected to inspection, that there were no vices or defects contained therein, and that after the accident the window was in sound working order. The fact that Conerly testifies that the window was stuck, or difficult to raise, is not evidence of the defendant's negligence. It is common knowledge that windows on railroad trains fit snugly into their casings and are sometimes hard to raise. But because a window is stuck it does not justify the application of unusual force in attempting to open it so as to break a pane. The employees of the train may be called upon to raise or close the windows to suit the convenience of passengers.

To hold the defendant responsible would be to decree it an insurer of the safety of its passengers.

Having neither knowledge of Conerly's presence on the train nor control of his movements, it would be unjust to hold defendant responsible for his negligence in injuring the plaintiff.

Manifestly the plaintiff has a cause of action against Conerly, a negro unable to respond in damages. We sympathize with her in her plight, but we are unable to justify recovery on her part against the defendant carrier, who has exercised that high degree of care required of it under the law.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.