## GAINES v. TECHE LINES, Inc.*
### No. 1740.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1937.

*Rehearing denied Nov. 6, 1937. Writ of certiorari denied Nov. 29, 1937.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

Frank B. Ellis, of Covington, for appellee.

DORE, Judge.

The suit is for damages in the sum of $2,183 for personal injuries which plaintiff claims to have received on September 12, 1936, at Slidell, when a trunk which plaintiff was helping to load on the bus fell on him. The cause of the fall of the trunk was the breaking of the leather handle when the truck driver attempted to pull the trunk up on top of the bus by this handle, thereby causing the trunk to fall on plaintiff, who was standing under the trunk helping to load it. The plaintiff had purchased a ticket for himself and daughter to Baton Rouge, the trunk being part of the baggage that was checked with these two passenger tickets.

The defendant and its agent, the bus driver, are charged with negligence in four particulars: (1) In failing to furnish sufficient help and proper safeguards in loading and handling the trunk; (2) the failure of the truck driver to grasp the sides and bottom of the trunk with both hands and in failing to use the strong rope with which the trunk was tied; (3) in forcefully jerking said trunk in an effort to swing it onto the top of the bus; (4) in failing to realize that a worn handle on a cheap trunk securely tied with a rope would not support the weight of the trunk, when the trunk was jerked in a forceful manner as aforesaid.

Defendant denies that it was guilty of any negligence. It admits that plaintiff purchased the tickets for himself and daughter and that it checked said trunk and was bound to transport same under said tickets. Defendant further alleges that plaintiff volunteered to assist the driver in loading the trunk on top of the bus; that the driver was on top of the bus pulling up the trunk, and plaintiff was on the ground pushing it up, and when plaintiff turned loose the trunk, the handle by which the driver was pulling it up broke and the trunk fell on plaintiff; that plaintiff assumed the risk and knew or should have known as the owner of the trunk that the handles were defective, or should have warned the bus driver not to use the handles. Defendant pleads, in the alternative, contributory negligence on the part of the plaintiff.

Judgment was rendered in favor of the plaintiff in the sum of $535, interest and costs. Defendant has appealed, and plaintiff has answered the appeal and asks that the amount of damages be increased to the sum claimed in the petition.

There is a dispute in the testimony as to whether the bus driver requested plaintiff to help load the trunk or whether plaintiff volunteered his services. This question is of no great importance, as it is a fact that the bus driver accepted the help of the plaintiff in the discharge of a duty placed on the defendant, i. e., the safe loading of the trunk on the bus. Plaintiff is in the same situation in this respect as he would have been had the driver requested him to help load the trunk.

The trunk was securely tied around the ends and sides with a grass rope. The trunk

weighed from 100 to 150 pounds. It had to be lifted onto the top of the bus some seven or eight feet from the ground. The plaintiff and the driver lifted the trunk about halfway up and rested or balanced it on a rod or sign at the back of the bus. The driver then got on top of the bus to pull up the trunk, during which time plaintiff and a bystander whom plaintiff had called held the trunk until the driver could pull it from the top of the bus. The trunk had such leather handles on the ends as are usually found on fairly cheap trunks. So far as the record shows, there was nothing unusual about these handles to indicate that they were weak or defective, nor did plaintiff make any statement as to their condition, nor did he warn the driver not to catch the trunk by these handles.

The bus driver says that he caught hold of the handle with one hand and pulled the trunk up about two feet, when the strap broke and the trunk fell back on plaintiff, who was standing under it holding it up as stated above; that plaintiff and the bystander were pushing the trunk up and when it got out of their reach the handle broke. The driver says that before pulling up the trunk he gave a signal or warning by calling to the men below, "Let's go," or words to that effect. Plaintiff and the bystander who was helping, as well as a witness for the defendant, testify that the driver gave no warning at all when he began to pull up the trunk. A decided preponderance of the testimony shows that he gave no such warning.

The bus driver admits that he made no effort to grasp the trunk by the rope tied around it, nor did he attempt to raise the trunk with both hands or catch hold of the body of the trunk with either hand. He not only failed to take this precaution, but the preponderance of the evidence shows that he gave the trunk a rather strong jerk to give it sufficient momentum to bring it over the railing on top of the bus. The driver is a large and strong man, six feet and three inches high, weighing 225 pounds. It is reasonable to assume that the driver would draw up the trunk with a quick motion as some of the witnesses say he did in order to give it sufficient momentum to go over the railing on top of the bus.

■ This was a dangerous operation to those standing below. Ordinary prudence should have led the bus driver not only to give some warning to those standing below that he was about to pull up the trunk, but also should have suggested to him, as a matter of safety and precaution, to grasp the trunk by the rope at least with one hand, or hold onto the trunk with both hands, particularly in view of the fact that the driver knew that the trunk was heavy and a quick jerk of such an object would require extra precautions. The trial judge, in finding defendant guilty of negligence, correctly says:

"From the physical facts as well as the testimony of the plaintiff and the witness Casler who was assisting the plaintiff in holding the trunk on the back of the bus, I firmly believe that the bus driver suddenly jerked the trunk to give it the necessary momentum to throw it up on the top of the bus."

■ It is contended that, as the trunk belonged to plaintiff, he should have known if the straps were defective. But it does not appear that if there were any defects in the straps, plaintiff had any better opportunity of observing these defects than did the bus driver who was handling the trunk. It remains a fact that the proximate cause of the falling of the trunk was the negligent manner in which it was handled by the bus driver, viz., in his failure to get a proper hold on the trunk and in the quick and rapid manner in which he attempted to raise it to the platform on the top of the bus.

■ The law placed on the defendant the highest degree of care for the safe transportation of plaintiff as one of its passengers. The burden was on defendant to show that it was without fault, and where, as in this case, the carrier attributes the injury to the contributory negligence of the plaintiff, it is incumbent on the carrier to prove the particular act of negligence on the part of plaintiff that contributed to the accident. Hart v. Gulf, M. & N. R. Co. (La.App.) 167 So. 166, 167; Cusimano v. N. O. Pub. Service, Inc., 170 La. 95, 127 So. 376. The defendant having failed to prove any act of contributory negligence cannot escape the act of negligence of its driver.

■ On the question of quantum: The item of the loss of three teeth, lacerations of upper and lower lips, etc., the judge allowed $300; this is ample. For disfigurement an allowance of $100 was made; we cannot say this is too low, as the trial judge had the opportunity of observing the nature of the scar. The allowance for pain and suffering of $100 seems reasonable, and of course the allowance of the doctor bill was proper. Plaintiff claims $98 for the loss

of 14 days' work at $7 per day; this item was rejected by the trial court on the ground that plaintiff was not employed at the time of the injury. Plaintiff had not been employed for a whole week prior to the accident; his testimony is too conjectural, too vague, and too indefinite and uncorroborated to warrant a recovery. We cannot say that the lower court erred.

Judgment affirmed.