### WHITE v. HALLIBURTON OIL WELL CEMENTING CO. et al.

### No. 1868.

Court of Appeal of Louisiana. First Circuit.

Dec. 19, 1938.

For prior opinion, see 183 So. 537.

McCoy King & Jones, of Lake Charles, for appellant.

Griffin T. Hawkins and J. J. Tritico, both of Lake Charles, for appellee.

PER CURIAM.

Both the appellant and the appellee have filed applications for re-hearing in this case, that of the appellee being limited to the question of quantum.

The length of the opinion handed down had afforded proof of itself, we thought, of our thorough consideration of every point involved in the case. However the earnestness of counsel on both sides in presenting their applications for re-hearing induced us to again go over the record very carefully and having done so we remain with the feeling that the case has been correctly decided and the proper award for damages has been made. We do not think that any-

thing we would add at this time would be of much importance to the decision.

Our attention is called to the case of Shirley v. Caldwell Bros. & Hart, 183 So. 581, decided by us on the same day as this case. Counsel for appellants urge that on the basis of our holding on the question of the negligence of the driver of the plaintiff's car in that case, we were forced to hold that the plaintiff here also was guilty of negligence precluding his recovery. We do not think it necessary for us to point out the differences in the situations presented in the two cases. A careful reading of the two opinions will serve to indicate several important and controlling distinctions.

Counsel for appellants also complained of our apparent disregard of the authorities cited in their discussion of the question of damages claimed by the plaintiff and more particularly that concerning the item for loss of earnings. Particular stress seems to be laid on the case of Friede v. Toye Bros. Yellow Cab Co., Inc., La.App., 156 So. 48. In our study of the question we gave due consideration to that case as well as to the many others cited by counsel. The impression we obtained from the language of the court in the Friede Case, which impression we believe to be correct, was that there was no proof whatever but merely an estimate of the amount claimed for loss of income which the court found to be insufficient on which to base an award. In the present case on the question of the reduction in his earnings during the period of incapacity claimed, whilst the plaintiff did not state the figures in detail, he gave sufficient testimony on which the court was able to arrive at the figures on which to base the award as made. In the case of Crozat v. Toye Bros. Yellow Cab Co. Inc., La.App., 145 So. 60, decided by the same court of appeal as the Friede Case, it was stated that the degree of certainty required to establish a claim for loss of earnings due to injury sustained in an accident [page 62], "does not amount to mathematical exactitude, but is such as may reasonably establish the claim." The statement is supported by the authority therein cited. Tested by that rule, we think that an award on that item was properly made in this case, and that the amount was as accurately determined as could be.

Convinced as we are of the correctness of the decision herein handed down, both applications for rehearing are hereby refused.