90 So.2d 896 (1956)
Joseph F. VEST, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 4296.
Court of Appeal of Louisiana, First Circuit.
November 26, 1956.
*897 W. Crosby Pegues, Jr., Atty., Philip K. Jones, Asst. Atty., Dept. of Highways, Baton Rouge, for appellant.
Barnes & Smith, Baton Rouge, for appellee.
TATE, Judge.
Pursuant to special legislative consent, plaintiff instituted this action against the Department of Highways for personal injuries and property damage sustained when he drove his truck off the dead-end of an unlighted service road.
Recently, under identical circumstances (even involving the same unmarked deadend service road), this court held the Department of Highway negligent in not providing sufficient warning or barricade for oncoming motorists, in view of the extremely hazardous condition resulting from the sudden ending of the service road a few feet from a ditch across the end thereof; and the motorist who drove into the ditch (as did plaintiff here) was held free from contributory negligence since "a motorist has no legal duty to anticipate an unusual hazard where there is no adequate warning, but has the right to presume the highway is safe for usual and ordinary traffic, even at night", Smith v. State, La.App. 1 Cir., 87 So.2d 380, at page 383.
The Smith case is on all fours with and determinative of the present.
The District Court made the following award of damages:

1. Medical Expenses $ 78.80
2. Damages to Dodge Truck 426.85
3. Personal injuries 740.00
4. Loss of use of Truck 250.00
 _________
 Total $1,495.65

Neither parties dispute Items 1 or 2.
*898 Plaintiff has filed an answer to the appeal requesting that the award of $740 for his personal injuries be greatly increased; whereas defendant urges that said amount should be reduced.
We find neither manifestly insufficient or excessive the award of $740 for plaintiff's personal injuries, which consisted of bruises or contusions of the chest and knees, from having been thrown against the steering wheel and the dash board, which according to the medical testimony persisted at the most for two months, plus perhaps minor cuts or bruises on plaintiff's head which went through windshield. Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71, Syllabus 8.
Nor do we find manifestly erroneous the District Court's apparent disallowance of any award based upon plaintiff's personal testimony as to a permanent residual of occasional pain in his knees and headaches as a result of the accident, especially since the medical witness who testified on behalf of plaintiff frankly admitted that the present pain in plaintiff's knees, if existent, could have resulted from many other causes during the almost two years which elapsed between plaintiff's last visit to him on December 28, 1953, ten days following the accident, and his next visit on September 2, 1955, when for the first time plaintiff sought medical advice or testimony concerning the alleged permanent condition of his knees.
The award of $426.85 for cost of repairs of plaintiff's 1948 Dodge Panel truck, based upon mechanic's estimate, is not contested. But in addition, plaintiff was awarded $250 for loss of use of said truck, which defendant urges was not sufficiently proved in the record.
Plaintiff frankly admitted that he had not ever repaired the truck, partly for financial reasons, but also partly because he felt that even with repairs the truck's operation would be faulty. He therefore purchased another truck about two months after the accident, eventually selling the damaged Dodge for scrap.
In the first place, as summarized by Judge (now Mr. Justice) McCaleb for the Orleans Court of Appeal in a comprehensive discussion of the subject in Drewes v. Miller, La.App., 25 So.2d 820, it is well settled that "if the vehicle is damaged to such an extent that it cannot be repaired and is a total loss, no recovery can be had for loss of use" (except for "the actual damages resulting from loss of use of the car for the interval during which he [the owner] is considering the nature of the damage and ascertaining whether the vehicle can be restored to its former [condition"], 25 So.2d 823.
Further, the vague and general testimony of plaintiff (Tr-22 and Tr-32-33) that $250 was "a conservative estimate" for the loss of use of his truck, without any attempted breakdown as to how and why he arrived at such figure, such as a comparison of his business before and after the accident and while he was using his personal automobile instead of the truck, insufficiently bears the burden of proving such a loss. Jenkins v. A. R. Blossman, Inc., La.App. 1 Cir., 60 So.2d 131; Horrell v. Gulf & Valley Cotton Oil Co., 16 La. App. 90, 133' So. 394. See cases cited Rhymes v. Guidry, La.App. 1 Cir., 84 So.2d 634, at page 636.
The indefinite nature of this estimate is indicated by the following excerpts: "Q. Did you in fact have a business loss? A. I think so, yes sir." (Tr-22) "Q. Did you make comparison of your business before and after this accident in order to arrive at this estimate? A. It'd be hard to tell, sir, just how much the truck caused me to lose and just how much the physical impairment caused me to lose at the time. I will say this, my children had a very small Christmas." (Tr-33).
The allowance of $250 for loss of use of the truck must therefore be disallowed.
*899 For the above and for foregoing reasons, the judgment appealed from is amended by reducing the District Court's award by $250; as thus amended, it is affirmed.
Amended and affirmed.