125 So.2d 234 (1960)
Dr. Ewell STEVENS, Plaintiff-Appellant,
v.
Furman I. DOWDEN, Defendant-Appellee.
No. 110.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
*235 Plauche & Stockwell, by James R. St. Dizier, Lake Charles, for plaintiff-appellant.
Anderson, Hall, Raggio & Farrar, by John N. Gallaspy, Lake Charles, for defendant-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
This is a personal injury suit to recover damages allegedly sustained by plaintiff *236 through the negligence of the defendant's minor son. The plaintiff appeals from judgment of $2,758.58 in his favor, urging that the amount awarded is insufficient. The defendant answers the appeal, praying (a) that the judgment be reversed and the suit dismissed and (b), alternatively, that the award be reduced.

I.
The only testimony as to the facts of the accident was given by the plaintiff. He testified that, after he had stopped his Chevrolet at a railroad crossing and had been waiting approximately a minute for a train to complete its passage, his vehicle was struck from the rear by a Ford driven by the defendant's son. If accepted as correct, such testimony of course supports recovery in the plaintiff's favor. See, e.g., Billiot v. Noble Drilling Corp., 236 La. 793, 109 So.2d 96.
Although the defendant did not see fit to produce any witnesses at the trial to contradict this testimony, his able counsel upon appeal alleges that this uncorroborated testimony does not sufficiently prove the defendant's son's negligence, especially since a discrepancy between the plaintiff's discovery interrogatories and his testimony at the trial allegedly casts doubt upon the credibility of the witness's testimony.
We are unable to accede to this argument for several reasons: A litigant is not obliged to produce all witnesses to the accident, he is simply under a burden to produce sufficient evidence to prove his case by a preponderance of the evidence, Pickett v. Norwich Union Fire Ins. Co., La.App. 1 Cir., 119 So.2d 566, 569; which has been done in this instance, without contradictory testimony being introduced by the defendant. Further, the omission in the discovery interrogatory so heavily relied upon we find neither to have been intentional nor so significantly material under the circumstances as to cast the slightest suspicion upon plaintiff's veracity. Finally, the evaluation of a witness's credibility is primarily for the trial court. See, e.g., Jenkins v. Audubon Ins. Co., La.App. 1 Cir., 110 So.2d 221.
The trial court properly found that the negligence of the defendant's minor son, who was living with the defendant at the time of the accident, was the sole proximate cause of the accident so that the defendant is liable for the plaintiff's damages caused thereby.

II.
As a result of the accident of November 13, 1958, the plaintiff sustained a whiplashtype injury to the cervical spine (neck), a muscle strain in the lower back, and a sprain of the right wrist. The neck injury had completely subsided by July, 1959; the wrist injury was cured within six weeks to two months; but the lumbar back strain continued to cause some discomfort even up until the trial of May, 1960, some seventeen months after the accident.
For these injuries the trial court allowed damages of $1,500 for pain and suffering, $558.55 for proven medical expense, and $700 for loss of earningsa total of $2,758.55.
Since the award for pain and suffering is in the full amount specified in the petition, we are unable to consider any request by plaintiff that the award therefor be increased; and defendant does not contend that it is excessive. Likewise, neither party questions the award for medical expenses.
However, the defendant by answer to the appeal prays that the $700 allowed for loss of earnings be completely disallowed, since allegedly proved insufficiently by the uncorroborated testimony of the plaintiff alone; while the plaintiff requests that this award be greatly increased.
The plaintiff, a 32-year-old dentist, did not lose any time from his office until March 16, 1959, four months after the accident, when due to increasing pain and discomfort he was hospitalized for complete bed rest *237 and supervised physical therapy. He returned to work one month later, although for the first week he worked only a half-day; and he has since then and up until the trial in May, 1960, worked only seven (instead of eight) hours per day to minimize the strain upon his back and the possibility of flare-up. We may add that the medical evidence proves that the prolonged back pain and discomfort was caused by the accident, persisting so long because of a congenital defect in the plaintiff's back.
To prove the monetary valuation of this undoubted loss of time from his office, the plaintiff relies upon his own testimony that his gross income during 1958 was $16,000 and during 1959 (after the accident) was $18,000. The plaintiff further testified, based upon these figures, that his gross earnings at work averaged approximately $25 per hour, his net earning averaging between $12 and $12.50 per hour. This testimony was educed from the plaintiff upon direct examination by counsel for the defendant in a discovery deposition taken a month before the trial, which deposition by consent of both counsel was introduced at the trial instead of again taking the testimony of the plaintiff as to its substance.
The general principles applicable to the review of awards for a claimed loss of earnings may be summarized as follows:
The plaintiff's detailed and uncontradicted testimony as to such losses may by itself constitute sufficient proof, if reasonable and if so accepted by the trial court, although the better practice is to introduce corroborating evidence. White v. Halliburton Oil Well Cementing Co., La.App. 1 Cir., 183 So. 537, 538 (on application for rehearing), 185 So. 68 (doctor); see also Brady v. Avenue Theatre Corp., La.App. Orl., 194 So. 721, certiorari denied (nurse). But an uncorroborated general estimate by a plaintiff as to his loss of earnings or profits is not sufficient proof of such loss, where corroborative evidence is shown to be available and is not produced; and a trial court's award therefor based only upon such proof may be disallowed by the reviewing court. Jenkins v. Audubon Ins. Co., La. App. 1 Cir., 110 So.2d 221; Camus v. Bienvenue, La.App. 1 Cir., 91 So.2d 99; Vest v. State, La.App. 1 Cir., 90 So.2d 896; Rhymes v. Guidry, La.App. 1 Cir., 84 So.2d 634. (However, where the plaintiff has definitely proved a loss of earnings but, upon appeal, the plaintiff's own testimony as to the valuation of this loss of earnings is found incompetent as proof although it had been accepted as sufficient by the trial court, the reviewing court may remand this portion of the claim for further evidence in order to prevent injustice. Camus v. Bienvenue, above cited.) When the trial court has refused to make an award for loss of earnings and the proof thereof consists only of the plaintiff's own uncorroborated testimony, the reviewing court will not ordinarily disturb such disallowance. Downs v. Hartford Acc. & Indem. Co., La.App. 2 Cir., 116 So.2d 712; Degeyter v. Trahan, La.App. 1 Cir., 113 So.2d 808.
A claim for loss of earnings need not be proved with mathematical exactitude, but only by such proof as reasonably establishes the claim. White v. Halliburton Oil Well Cementing Co., La.App. 1 Cir., 185 So. 68. In cases where there is a legal right to recovery and an exact estimation of damages cannot be made (as in this case, where ordinarily the professional man cannot prove with any exactness which patients he did not see or attend to during his absences from the office or his shorter working hours, although by the nature of the occupation the more hours he spends attending to patients the greater is his income), the courts have discretion to assess reasonable monetary damages based upon all the circumstances of the loss. Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236; Harrison v. Petroleum Surveys, Inc., La.App. 1 Cir., 80 So.2d 153; certiorari denied. See also, e.g., Kennedy v. Item Co., 213 La. 347, 34 So.2d 886 (assessing damages to an attorney for defamatory statements).
*238 Applying these principles, we believe that the plaintiff has definitely proved a loss of earnings, in that the medical testimony corroborates that due to disability caused by the accident he was forced to stay away from his office for one full month, to work at half-time for an additional week, and thereafter for in excess of one year to work one hour less per day than before the accident. That his earnings during the year following the accident were greater than during the year preceding does not, of course, show that the plaintiff would not have had an even greater increase in his income but for his enforced absence from his office, for (as he testified) normally the income of a young professional man increases from year to year, the plaintiff being in his fifth year of dental practice.
We agree with counsel for the defendant that the better practice would have been for the plaintiff to produce corroborating testimony, such as the actual records and the testimony of the plaintiff's dental associate; but, especially since the detailed testimony as to the plaintiff's gross annual and hourly income was educed by counsel for the defendant himself and not seriously questioned in the trial court as inaccurate (nor, apparently, is it upon appeal), and because the award for loss of earnings is reasonable under the circumstances and corroborated by them, we will not disturb as manifestly erroneous or beyond its discretion the award by the trial court of $700 for the plaintiff's loss of earnings. See White case, cited above. Nor, on the basis of the record before us, are we able to say that such award is insufficient and should be increased as requested by the plaintiff's appeal because, although indeed medically it may be advisable for the plaintiff to cease working and undergo further treatment for three months if the symptoms persist, there is no indication that the plaintiff intends to do so.
For the foregoing reasons, the judgment appealed from is
Affirmed.