CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when his automobile was struck from the rear by an automobile driven by the minor son of the defendant insured. Liability was admitted by defendants. After a trial as to quantum, the district judge awarded plaintiff $3,500 in general, and $2,331.95 in special, damages. Plaintiff appealed. Defendant answered the appeal, seeking a decrease in the award for general damages.
The accident occurred on January 5, 1964. When plaintiff’s vehicle was struck from the rear, he was thrown forward and sustained injuries in the areas of his chest, upper abdomen, cervical spine and left shoulder. He was immediately taken to the hospital where x-ray examination was negative and he was released. The complaints relative to his chest and upper abdomen lasted only about one week. But he continued to have muscle spasm and pain in the cervical area and left shoulder. Although he was never hospitalized, he received approximately 26 therapy treatments as an out-patient for a period of the next 6 weeks; he wore a cervical collar for about 3J£ months; and he took exercises and the usual drugs for pain and muscle relaxation.
On April 27, 1964, which was about 3i/z months after the accident, he returned to his regular job as an operator at a petrochemical plant. The work was not strenuous but it did involve turning valves and operating plant equipment. He was able to perform this work satisfactorily, although experiencing some intermittent pain and discomfort. By the fall of 1964 he resumed some of his fishing, hunting and gardening activities but was restricted somewhat by pain and discomfort in his neck and shoulder. Due to continued muscle spasm, and a slight degree of atrophy in the musculature in the left shoulder, the doctors suspected a ruptured interverte-bral cervical disc, but a myleogram performed in August of 1964 was negative.
As of the date of the trial on May 3, 1965, 15 months after the accident, the expert medical testimony showed that plaintiff was still having intermittent pain and discomfort. The prognosis was that it would continue for an additional 6 to 8 months. *101 A complete recovery without residuals is predicted.
Under the circumstances, we think the award of $3,500 for general damages is well within the range of the “much discretion” of the trial judge as to the amounts of awards for personal injuries. Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Downs v. Hartford Accident & Indemnity Co., La.App., 116 So.2d 712; White v. Robbins, La.App., 153 So.2d 165 (3rd Cir. 1963) ; and Barras v. Fidelity & Casualty Co. of New York, La.App., 152 So.2d 74 (3rd Cir. 1963).
The next issue concerns loss of wages. Plaintiff’s earnings as a plant operator, during the periods he was off work, would have been $2,331.28. However, during these periods plaintiff received from his employer the sum of $1,299.52 in sick leave benefits as provided under the contract between plaintiff’s employer and the union of which he is a member. Also pertinent is the contract’s provision that “An employee will again become eligible for all benefits after he has been back at work continuously for 13 weeks.” Of course, after returning to work, plaintiff worked continuously for 13 weeks and, under the contractual provision, 'was then reinstated as to all benefits.
In a well considered written opinion, the trial judge discussed the jurisprudence concerning credit for sick leave benefits against loss of wages. Although, as pointed out by our able brother below, some of the cases either grant credit or deny credit without a full discussion, we agree with his conclusion that the test is whether the plaintiff has actually sustained a loss by using all or part of his sick leave benefits. Sick leave benefits which an employee has earned over a period of time are a valuable asset to protect against the eventuality of sickness. If, as a result of the defendant’s negligence, plaintiff is forced to use some of his accumulated sick leave, and thereby loses some of this protection, he is entitled to damages for such loss. Hudgens v. Mayeaux, La.App., 143 So.2d 606 (3rd Cir. 1962); Vogt v. Hotard, La.App., 144 So.2d 714 (3rd Cir. 1962); Thomas v. Paper Haulers, Inc., La.App., 165 So.2d 61 (2nd Cir. 1964).
Defendant contends plaintiff has lost nothing because, 13 weeks after returning to work, all benefits were restored. Plaintiff says he did suffer loss because he might have become sick during the 13 weeks. We think the trial judge has correctly answered this question as follows:
“To base the denial of credit on a speculation of subsequent illness prior to the restoration of benefits may be entirely proper, but it does not seem to be proper where the speculative condition never develops prior to the restoration of full benefits. If it does develop, credit probably should be denied; if it does not develop, as in the case at bar, there simply is no actual loss. Some of the decisions denying credit referred to a ‘tort feasor’ as not entitled to credit, and appeared to grant punitive rather than merely compensatory damages. In the case at bar, full compensation for wages lost will be accorded to the plaintiff, who sustained no loss by use of sick leave benefits paid to him by his employer, even if credit is given for the amounts paid by his employer during his absences from work.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.