LANDRY, Judge.
Conceding liability to plaintiff Clevin A. Berthelot for personal injuries and related expenses and losses sustained in an automobile accident, defendants Lionel Tally and his insurer, Safeco Insurance Company of North America (Safeco), appeal the judgment of the trial court alleging that excessive damages were awarded plaintiff for personal injuries and that damages claimed for lost earnings and future medical expense are not properly substantiated. We amend the judgment rendered below to eliminate the award for lost earnings and future medical expense and reduce the award for personal injuries.
Plaintiff’s injuries were sustained March 4, 1967 when his stationary vehicle was backed into by defendant Tally who had stopped his own car in a line of traffic due to an obstruction ahead. Plaintiff concedes he did not seek medical attention for his injuries until several days following the accident. He also stated that in 1965, he experienced a mild heart attack. In a pretrial deposition plaintiff stated that between the time of his heart attack and the accident in question, he was unable to work because of his heart condition. Plaintiff explained that he was a commercial fisherman and had engaged as such in 1966, during which year he earned approximately $2,000.00 during the crayfishing season which runs from about March through June of each year. Plaintiff also explained that he misrepresented his working ability when his deposition was taken because he feared a truthful disclosure would jeopardize the Veterans Pension he had been awarded for disability resulting from his heart attack. Plaintiff concedes he has sought no medical attention since July 1, 1967. On trial, plaintiff testified in essence that he fished during the 1966 season and sold his catch to his brother Edmond for $2,000.00. Plaintiff acknowledged that despite this income he did not file an income tax return for the year *723 1966. We note that Edmond Berthelot was not called to corroborate his purchase of crayfish from plaintiff. In short, plaintiff maintains that he is not able to resume his occupation of fisherman because of neck and back pain.
On March 17, 1967, thirteen days following the accident, plaintiff consulted Dr. Cherie Major, General Practitioner. Dr. Major testified that plaintiff related the occurrence of the accident and resulting pain in the left shoulder, back, neck and right leg. Dr. Major found marked spasm of the right lumbosacral musculature and diminished reflexes of the right patella and ankle. Plaintiff’s condition was diagnosed as severe lumbosacral strain and severe whiplash. Dr. Major prescribed a support belt and sedatives. On April 6, 1967, plaintiff again consulted Dr. Major who found plaintiff complaining of severe pain in the right back radiating to the right leg. Dr. Major then hospitalized plaintiff in traction for six days during'which interval sedatives were administered. Dr. Major was of the opinion that plaintiff would never be completely free of pain and that plaintiff’s ability to fish and trap had been impaired. In March, 1967, Dr. Major referred plaintiff to Dr. Richard Means, Orthopedic Surgeon. On July 1, 1967, Dr. Major saw plaintiff for the last time and then observed that plaintiff had minimal pain.
Dr. Means testified he saw plaintiff on March 29, 1967, on referral by Dr. Major. Plaintiff complained of severe neck pain and stiffness with radiation of the pain into the back and lower extremities and also complained of weakness and numbness in the lower extremities. Dr. Means observed some tenderness to palpation about the neck posteriorly and laterally and over the lower back posteriorly. Straight leg raising of the right lower extremity and rotation of the right hip caused plaintiff some increase in back pain. Dr. Means’ diagnosis was moderate severe neck and back sprain which Dr. Means did not consider a serious injury. It was Dr. Means’ opinion that plaintiff should attain complete recovery within a few weeks. Dr. Means also stated that cases of this nature usually recovered fully within twelve weeks. Dr. Means recalled plaintiff relating that plaintiff could hunt rabbits and walk considerable distances without chest pains but that heavy lifting caused chest pains which prevented plaintiff from working.
On August 21, 1967, plaintiff was examined by Dr. Charles Cracraft, Orthopedic Specialist, who found plaintiff complaining of pain in the upper and lower back and also in the neck. Dr. Cracraft noted that full flexion of the patient’s back caused plaintiff only slight discomfort. Based on plaintiff’s related history, Dr. Cracraft diagnosed plaintiff’s condition as strain of the cervical musculature now healed and lumbosacral strain now healed. In Dr. Cracraft’s opinion, plaintiff would suffer no permanent disability and was able to resume his former activities.
The trial court awarded plaintiff special damages in the sum of $1,043.95, the amount of which is uncontested. In addition, plaintiff was granted lost wages of $667.67, representing three months loss of wages based on an annual income of $2,-000.00, and $3,600.00 for past, present and future pain and suffering and future medical expense.
A plaintiff who was unemployed when injured may not recover for alleged lost earnings if his testimony as to alleged lost earnings is vague, conjectural and uncorroborated. Gaines v. Teche Lines, 176 So. 134. A plaintiff’s uncorroborated general estimate of lost earnings is not sufficient proof of such loss where corroborative evidence is shown to be available and is not produced. Stevens v. Dowden, La.App., 125 So.2d 234; Laville v. Hartford Accident & Indemnity Co., La.App., 178 *724 So.2d 464. Plaintiff’s testimony regarding alleged lost earnings is not only vague and conjectural, but also his oral interrogation at the trial is in direct contravention of his deposition. Moreover, there appears no reason why plaintiff’s brother Edmond could not have been called to corroborate the alleged loss. Failure to call such a close relative to corroborate plaintiff’s testimony justifies the inference that the testimony of the witness would have been adverse to plaintiff’s interest. Plaintiff’s claim for lost wages must therefore be disallowed because of inadequate proof.
The trial court’s award of $3,-600.00 for pain, suffering and future medical expense does not indicate what portion of said sum represented future medical expense. It is basic law that plaintiff must establish each and every element of his claim by competent evidence. Foggin v. General Guaranty Insurance Company, La.App., 207 So.2d 176. Dr. Major’s testimony discloses that when he last treated plaintiff on July 1, 1967, plaintiff was suffering from only minimal pain. Plaintiff conceded that he sought no medical treatment subsequent to July 1, 1967. Dr. Means, who examined plaintiff for evaluation purposes on August 21, 1967, was of the opinion plaintiff was fully recovered as of that date. Such testimony does not support an award for future medical expense in any amount whatsoever. Under the circumstances of this case, we believe an award of $2,500.00 will amply compensate plaintiff for his personal injuries, pain and suffering.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiff Clevin A. Ber-thelot be and the same is hereby amended to reduce the total award of damages to plaintiff to the sum of $3,543.95, and that as amended, the judgment is affirmed. All costs of this appeal to be paid by plaintiff, Clevin A. Berthelot.
Amended and affirmed.