BLANCHE, Judge.
This appeal arises out of a suit for damages for personal injuries allegedly sustained by plaintiff when she slipped and fell on the floor of an aisle in the J. C. Penney Company store in Baton Rouge, Louisiana, on April 12, 1968. From a judgment in favor of defendants dismissing plaintiff’s suit, plaintiff perfected this de-volutive appeal. We reverse.
Plaintiff alleges and a preponderance of the evidence shows that plaintiff slipped on a small, black plastic “sock hanger” used by the defendant store to hang and display socks for sale. In dismissing plaintiff’s suit, the trial court gave the following oral reasons:
“For oral reasons assigned, the court being of the opinion that the plaintiff *296 failed to show how the sock hangers got on the floor, how long they had been there, or that they should have reasonably been discovered by the owner or his employees before the accident, and has therefore failed to bear the burden of proof, this case must be dismissed at plaintiff’s costs.” (Record, p. 12)
Plaintiff testified that as she was walking from the front to the rear of the defendant store, accompanied by Lorena Cooper, her right foot suddenly slipped from under her causing her to fall to the floor of the aisle. Plaintiff testified that she noted she had slipped on one of the black sock hangers and while on the floor noticed there were about twelve to thirteen of the black sock hangers scattered across the aisle. She testified Mrs. Cooper picked up four of the sock hangers, gave two to a store employee and gave the other two to plaintiff. Plaintiff admitted she did not know how the sock hanger on which her foot slipped came to be upon the floor or how long any of the sock hangers were on the floor before her fall.
Lorena Cooper corroborated plaintiff’s version of how the accident occurred and testified that she picked up three or four of the sock hangers and gave some to the store manager, who upon arriving at the scene also started picking up sock hangers from the floor.
Michael Vernon Sanders testified he was, at the time of the accident, employed by the defendant store as a sales clerk in the Men’s Department. He testified he was standing with his back to the plaintiff when he heard a grunt, turned around and saw plaintiff on the floor. He admitted seeing one sock hanger which Mrs. Cooper picked up and further admitted seeing about four sock hangers on the floor of the aisle next to the counter on which the cash register was located. This store employee testified that the sock hangers were used to display socks on a rack farther to the rear of the store and testified that a box was kept near the cash register on the counter in which the store employees were supposed to put the sock hangers when they were removed from the merchandise brought to the cash register by customers, in order that the sock hangers could be saved for reuse. (Record, pp. 78, 79, 81, 85) Mr. Sanders testified he and other store employees were instructed to pick up any extraneous matter which they might notice on the floors and passageways of the store. (Record, p. 82) Significantly, however, no further testimony was elicited from this witness or from any other witness as to any periodic inspections of the passageways or floors.
Daniel Thomas Nelson, another store employee at the time of the accident, testified that when he arrived at the accident scene at a time when plaintiff was seated, he saw one or two sock hangers at the bottom of the cash register counter (Record, p. 89), the witness testifying later that he saw two or three on the floor when he arrived. (Record, p. 94) Both of these store employees testified that they did not know how any of the sock hangers came to be on the floor or how long they were on the floor prior to plaintiff’s fall.
From our review of the entire record, we are satisfied that the trial court manifestly erred in concluding that plaintiff failed to prove by a preponderance of the evidence negligence on the part of defendant store’s employees. It is obvious from a reading of the record that there were several of the sock hangers on the floor in the immediate vicinity of the cash register counter which created a hazardous condition for business invitees such as plaintiff. It is clear that a storekeeper has the responsibility to provide a safe place for his customers, and while a storekeeper is not the insurer of their safety, nevertheless, the storekeeper must keep his floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises, Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir.1969), writ refused, 255 La. 815, 233 So.2d 252.
*297 The most reasonable conclusion to be drawn from the evidence presented in this case is that the presence of the sock hangers on the floor was attributable to negligence on the part of the store’s employees in causing or permitting them to fall to the floor by the cash register counter instead of being retained in the box on the counter near the cash register. The contention of defendants that the sock hangers could just as easily have fallen to the floor as a result of third party action such as other customers would be supportable if the accident had occurred in the vicinity of the display rack to the rear of the store. The fact remains, however, that the concentration of sock hangers on the floor was instead in the immediate vicinity of the cash register counter, which was an area in the particular custody, control and supervision of the store employees.
Moreover, as we held in Lang v. Winn-Dixie Louisiana, Inc., cited supra, the duty owed by the storekeeper to use reasonable care and to provide a reasonably safe place in which business invitees may conduct their business includes some reasonable inspection procedure, considering the nature of the premises, the business purposes and the particular facts of each case. In this case, the record fails to show any evidence of any routine inspection procedure other than the haphazard removal of extraneous substances from the floor if and when a store employee might happen to notice such. Under these circumstances, we feel the defendant storekeeper failed to fulfill the duty owed to business invitees to provide a reasonably safe place in which they might conduct their shopping.
Defendants contend in the alternative that plaintiff was guilty of contributory negligence in failing to watch where she was walking and in walking in a careless and inattentive manner. Our review of the record shows that the evidence fails to preponderate in favor of this affirmative defense, the burden of proving which rests upon defendants. Plaintiff testified that she was proceeding to the rear of the store to the Children’s Department and had had to move to the side to avoid bumping into approaching customers when she suddenly fell. There is nothing in the record to indicate that plaintiff was guilty of contributory negligence in the manner in which she was proceeding.
The record shows that plaintiff sought the medical services of Dr. Howard Hansen on April 15, 1968, or three days after the accident. On physical examination Dr. Hansen found plaintiff had bilateral lumbar muscle spasm, tenderness below the left knee and a tender, swollen area over the top of her left foot. Dr. Hansen next saw the plaintiff on April 25, 1968, and while plaintiff was still complaining of pain, the physical examination was essentially negative. Dr. Hansen testified that he referred the plaintiff to Dr. Thomas Campanella, a Baton Rouge orthopedist, on June 25, 1968, because plaintiff’s knee did not seem to be getting any better. Dr. Hansen testified he saw plaintiff on several additional occasions, and on November 12, 1968, he felt plaintiff had completely recovered. Plaintiff testified she went to see Dr. Campanella and was prescribed a knee brace. Dr. Campanella was not called to testify. Dr. Charles McVea, a Baton Rouge surgeon, examined plaintiff at defendant’s request on May 2, 1968, and according to this physician the plaintiff had as of that date fully recovered from all effects of the accident described by her. (Defendant Exhibit No. 1) Plaintiff’s proven medical expenses total $136.12. Considering all of the evidence, we feel an award in the sum of $1,500 as general damages is proper.
Plaintiff testified that she sustained lost earnings in the sum of $22 to $23 per week for a period of at least one month after the accident. Plaintiff failed to produce, however, any corroborating evidence to support this claim. It is clear that while plaintiff’s unsupported testimony may in certain cases be sufficient to support a claim of lost earnings, such is not the case *298 where corroborative evidence such as testimony from the employer would be readily available but is not produced, Berthelot v. Tally, 239 So.2d 721 (La.App. 1st Cir. 1970). Considering the circumstances of this case and the unexplained absence of any corroborative testimony or evidence from the alleged, specifically-named employer, we hold plaintiff has failed to prove her right to recover lost earnings.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of plaintiff, Evalina Louis, and against defendants, J. C. Penney Company and The Travelers Insurance Company, in solido, in the sum of $1,636.12, with legal interest thereon from date of judicial demand until paid. The expert witness fee of Dr. Howard Hansen is fixed at the sum of $50 and taxed as costs. Judgment is further rendered herein assessing all costs of these proceedings to defendants.
Reversed and rendered.