SAVOY, Judge.
Plaintiffs, (Ralph D. and Betty J. Webb) filed this suit against defendants, (ITT Continental Bakery Company Inc., its liability insurer, Liberty Mutual Insurance Company, and its employee, Larry Steadman, Jr.) endeavoring to recover damages for personal injuries and related expenses and losses sustained in an automobile accident.
This accident occurred between plaintiff’s automobile and defendant’s truck (driven by Steadman) at approximately 6:00 o’clock a. m., September 20, 1971, on Louisiana Highway Number 118, Sabine Parish. At the time of the occurrence of the collision, darkness prevailed and the road was slick and wet from rain. The evidence showed that as the vehicles approached each other, coming from opposite directions, each in his proper traffic lane, the defendant’s truck suddenly swerved into the plaintiff’s lane of traffic, causing the collision. The trial court found the collision to be caused solely because of the negligent manner in which Steadman was operating the truck. Monetary awards were made by the trial court as follows: To Mr. Webb, Pain and Suffering — $5,-000.00, Medical and Drug Expense — $289.-69, Loss of Wages — $900.29 (later amended to $683.76). Medical and Drug Expense for Mrs. Webb — $187.10; to Mrs. Webb, Pain and Suffering — $3,500.00, Loss of Wages — $834.96. Additionally, the trial judge awarded expert witness fees to three doctors. Defendant’s appeal does not contest the issue of liability. The only questions posed by defendant for our consideration involved the monetary amounts awarded by the trial judge.
EXPERT WITNESS FEES
Counsel for defendant in brief and in argument alleged the lower court committed manifest error in awarding doctor’s fees to Dr. Ray E. King, Dr. S. F. Fraser and Dr. Fred Thomas. However, by letter written to this Panel by counsel for defendant, he now concedes that the expert medical fees were properly awarded.
MEDICAL SPECIALS
The trial judge awarded Ralph D. Webb $289.69 for his medical specials and $187.10 (reduced to $182.10 because of a mathematical error) for the medical special's of his wife, Betty J. Webb. Defendant argues plaintiff did not lay a proper foundation for the introduction of the medical *579 bills into' evidence. Additionally, defendant argues plaintiff failed to show the bills were related solely to the injuries growing out of this accident.
Plaintiff’s attorney introduced the medical bills to Dr. Fraser during his direct examination. After showing the bills to Dr. Fraser and allowing him time to examine them, plaintiff’s attorney asked him “if these are the correct bills from your services to Mr. Ralph Webb and Mrs. Betty Webb, beginning in September of 1971, and in connection with their injuries arising out of the accident.” Dr. Fraser stated that the bills showed “dates which I saw these patients and I will testify that those are our bills, from our clinic, and the proper amounts as far as I can tell.” The trial judge stated “I believe that Dr. Fraser has adequately identified the bills previous testimony by both Doctors (Fraser and Thomas) shows the respective dates that each of these gentlemen saw these two persons, and of course, insofar as the dates that they saw them relates to the dates of these respective charges, I don’t think there would be any questions.”
We find that the trial court correctly admitted the bills of Drs. Fraser and Thomas. Fireman’s Insurance Company of Newark, New Jersey v. Green, (La.App. 3rd Cir. 1969) 221 So.2d 843 at page 846. However, we find that the charge of $5.00 on September 23, and the charge of $6.00 on October 12, should not be included in the medical specials for Mrs. Webb. These charges relate solely to her pregnancy and not injuries caused by the accident. Additionally, we disallow the drug bills in the amounts of $3.29, $3.75 (for Mr. Webb) and $4.50 (for Mrs. Webb) as they were not identified by anyone as relating to the injuries the Webbs received from this accident.
We amend the amount of medical specials awarded to Mr. Webb from $289.69 to $282.65 and the medical specials awarded to Mr. Webb for Mrs. Webb from $182.10 to $166.60.
DAMAGES FOR PAIN AND SUFFERING
Mrs. Webb was awarded $3,500.00 for her pain and suffering; Mr. Webb, $5,000.00.
The evidence disclosed Mrs. Webb was extremely worried about possible injury to her unborn child because of X-rays taken and though assured by her doctors that the child would be okay, she continued to be emotionally disturbed. Other than the emotion over possible injury to her unborn child, Mrs. Webb’s injuries consisted of a back pain, bruises, hematoma and glass cuts.
The evidence disclosed Mr. Webb was knocked unconscious in this accident. His nose was cut, broken and knocked out of place and he was left with a permanent residual disability. One doctor suggested surgery on Mr. Webb’s nose. Other injuries to Mr. Webb were to his neck (the doctor gave him a neck collar to wear), his back, general bruises, severe headaches and a flexion type injury to his left knee.
The Supreme Court in the recent case entitled Miller v. Thomas, 258 La. 285, 246 So.2d 16 at page 19, summarized the law applicable to damages awarded by a trial judge as follows:
“(1) to modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the ‘much discretion’ accorded by the codal provision;
“(2) the awards in other cases serve only as an aid in determining whether there has been an abuse of discretion.”
The cases cited by both counsel have been read and considered with full awareness of the rules stated in Miller. It is our conclusion that the awards as made by the trial judge for pain and suffering were within the range of discretion which is vested in the trial court and will not be disturbed.
*580 LOSS OF WAGES
As a result of this accident, the trial judge awarded Mr. Webb $683.76 and Mrs. Webb $834.96 for lost wages. A reviewing of the uncorroborated testimony of plaintiffs on this issue reveals the following: Both lost an undeterminable number of days from work; both were paid their full amount of pay while away from work because of this accident; both believed their employers utilized their sick or annual leave days in order to make their regular pay check; both stated their respective employers had records showing the sick or annual leave days they lost. No evidence was produced showing the monetary rate of pay for sick or annual leave.
The latest case on the subject by our state Supreme Court is that of Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151. In that case the court allowed plaintiff to recover for loss of earnings notwithstanding that plaintiff did not introduce his income tax or other records. However, in that case plaintiff’s evidence was corroborated by other witnesses without objection.
In the instant case the plaintiffs were paid their regular wages for the time they missed due to the accident. While plaintiffs testified that the wages were deducted from their sick or annual leave pay there is nothing in the record to substantiate this. It would have been a simple matter to have their employer testify to this.
In Stevens v. Dowden, (La.App. 3rd Cir. 1960) 125 So.2d 234 at page 237, the court summarized the general principles applicable to the review of awards for a claimed loss of earnings as follows:
“The plaintiff’s detailed and uncontra-dicted testimony as to such losses may by itself constitute sufficient proof, if reasonable and if so accepted by the trial court, although the better practice is to introduce corroborating evidence. . . . But an uncorroborated general estimate by a plaintiff as to his loss of earnings or profits is not sufficient proof of such loss, where corroborative evidence is shown to be available and is not produced; and a trial court’s award therefore based only upon such proof may be disallowed by the reviewing court.”
Sebren v. Millers Mutual Fire Insurance Company of Texas (La.App.3rd Cir., 1966), 182 So.2d 99 at page 101, affirmed the principle that sick leave benefits are compensable.
Applying these principles to our facts, we find the trial judge accepted the uncorroborated testimony of plaintiffs as sufficient proof that plaintiffs had lost their sick or annual leave days as a result of the accident and thus, should be compensated. It is unquestioned that corroborative evidence was available to show this loss. This fact alone would justify our reversal of this award, Stevens, supra. However, in the interest of justice, we will exercise our discretion under Article 2164 of the Louisiana Code of Civil Procedure and remand this case to the trial court for the limited purpose of receiving additional evidence on the number of sick or annual leave days actually lost by plaintiffs and the value of such.
For the reasons assigned, the judgment of the district court as to the award for medical expenses is reduced from the sum of $289.69 to $282.25 and from $182.10 to $166.00. The award for general damages is affirmed.
The judgment of the trial court as to the granting of wages to plaintiffs, Ralph D. Webb and Betty J. Webb in the respective amounts of $683.76 and $834.96 is remanded to the district court for the limited purposes of determining whether the sums paid to plaintiffs were deducted from their sick leave or annual pay leaves.
Costs of this suit to await final determination of this litigation.
Amended in part, affirmed in part, and remanded in part.