No. 4058

Second Circuit

BARHAM ET AL. v. STATE LIFE INS.
CO. OF INDIANA

(July 14, 1931.  Opinion and Decree.)

· J. W. Elder, of Ruston, attorney for plaintiffs, appellants.

Barksdale, Warren & Barksdale, of Ruston, attorneys for defendant, appellee.

DREW, J.  Plaintiffs, alleging that they are the sole heirs at law of W. F. Barham, deceased, sued the defendant company on a life insurance policy for $1,000, the policy being for $1,000, with a provision for double indemnity in certain events.

Defendant paid the principal sum, but refused to pay the extra $1,000 on the ground that the deceased's death, though violent and external, was not accidental. The provision of the policy under which the plaintiffs claim reads as follows:

"During the premium paying period of · this policy and excluding any time while the same may be in force as extended insurance, all premiums having been paid, and this policy being then in force, in the event of the death of the insured, resulting from bodily injury, sustained and effected directly through external, violent and accidental means (murder or suicide, sane or insane, not included) exclusively and independently of all other causes, provided such death shall occur within ninety (90) days from the date of the accident, the company will pay to the beneficiary or beneficiaries hereunder, in addition to the amount otherwise due, under the policy, the sum of one thousand dollars."

The evidence introduced showed that deceased was working for a man by the name of Burt and came home on this occasion about night and in a seemingly bad humor.  Burt told him to come to supper, and Barham replied that he did not want supper, but more land.  Burt told him that he could not get more land.  Barham (the deceased) then picked up a poker which Burt took away from him.  The latter turned to go into the other room,

and when he looked around, Barham had a shotgun drawn on him. Burt made a dive for him and heard the gun go off. He reached Barham, twisted the gun out of his hand, and began to hit him over the head with it and knocked him down several times; Barham getting up and fighting back, but finally remaining down.

From the coroner's evidence, Barham's skull seemed crushed when he arrived at Burt's house about two hours later and found Barham dead. There were no witnesses to the fight, and Burt's testimony as to what occurred is all the evidence there is. The only question seemed to be as to whether Barham fired the gun or not, as the doors were closed and only one window was open, and a close examination failed to disclose any sign of a shot in the wall, doors or fireplace. The coroner testified that he took charge of the gun, examined it closely, and that the gun did not show any signs of having been fired recently.

On this testimony, about which there is no dispute, the lower court rendered judgment rejecting plaintiffs' demands and they have appealed.

From the agreed statements of facts, it is shown that Burt was not indicted, although he was placed under bond, which bond has since been canceled. The above facts show that the insured was killed while in a fight with Burt and that he was not acting in self-defense, but was the aggressor. Before plaintiffs can recover, it must be shown that the death of the insured was not only caused by external and violent means but also by accidental means. Cooley's Briefs on Insurance (2d Ed.) vol. 6, p. 5251.

It is sure that the insured came to his death by external and violent means, and the only question is: Did he come to his death by accidental means? We think not. In the case of Franchebois v. New York Life Insurance Co., 171 La. 358, 131 So. 46, 50, the court said:

"Our conclusion is that the insured was the aggressor and by his own act precipitated the difficulty which resulted in his death. Therefore, his beneficiaries cannot successfully urge that, within the meaning of the policies, the insured's death was brought about by accidental cause." Also see Meister v. General Accident Corporation, 92 Or. 96, 179 P. 913, 4 A. L. R. page 718.

Plaintiffs contend that when the provisions of the policy excepted from the accidental causes that it would be liable for murder and suicide, it restricted its limit of liability for death to those two causes, and that death caused by fighting is covered by the policy, regardless of who was the aggressor. We cannot agree with this contention. The meaning of the exception of murder and suicide is that if death was caused by accidental means, it was liable except where death was caused by suicide or murder. Plaintiffs also contend that death was not to be expected or anticipated in a fight such as the insured provoked. The law of this state and most other jurisdictions is, however, to the contrary, and it is almost universally held that when the insured culpably provokes a difficulty and is killed, his death is not caused by accidental means.

We are convinced that the judgment of the lower court is correct, and it is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.