Counsel for appellant in application for rehearing vehemently criticizes our opinion, and in two instances makes statements which we think advisable to comment upon.
He says, and he repeats the statement at least three times, that we found that the vessel on which the insured was a seaman was engaged in battle. We made no such statement. What we held was that the Country was at war and that, because of that war, the precautions which were the cause of the disaster were resorted to in an effort to avoid a battle.
Counsel also charges that we refused to apply to the exclusion clause the rule that such a clause must be construed strictly against the insurer and that where there is ambiguity doubt must be resolved in favor of the insured. We recognize now, and we recognized in our opinion, that where a general clause is employed in a policy written by the insurer it should be construed against the insurer wherever there is reasonable ground for doubt. That rule is so well established that we felt that there was no necessity to discuss it at length. All that we intended to say on the subject is that when an attempt is made to include all situations which will make such a clause operative, there is grave danger that by the inclusion of some and the unintentional omission of others there will be brought into play the rule "inclusio unius est exclusio alterius."
Conceding as we do that the clause under consideration here should be interpreted against the insurer if there were any doubt as to its meaning, we repeat that we have no doubt on the subject, being firmly of the opinion that the accident resulted at least indirectly, if not directly, from an incident of war.
A rehearing is refused.
Rehearing refused.
McBRIDE, J., dissents from refusal to grant rehearing. *Page 534