REGAN, Judge.
Plaintiff, David Cotton, and his subrogee insurer, Emmco Insurance Company, instituted this suit against the defendants, Charles H. Erickson, and his insurer, General Insurance Corporation, endeavoring to recover the sum of $155.05, representing property damage incurred on February 17th, 1951, at about 10:30 p. m. as the result of an intersectional collision in Josephine and Annunciation Streets, between Cotton’s Studebaker automobile, operated by his son, and Erickson’s Pontiac automobile.
Defendants answered and admitted the occurrence of the accident, but asserted that the proximate cause thereof was the negligence of David Cotton, Jr., the operator of the Studebaker automobile, in driving at an excessive rate of speed; failing to keep a proper lookout; in neglecting to afford Erickson the right of way to which he was entitled by virtue of having pre-empted the intersection; and, in the alternative, pleaded the contributory negligence of Cotton, Jr. Defendants then reconvened — Erickson claiming the sum of $56.25 and the General Insurance Company, by virtue of its subrogation, the sum of $176.89, representing property damage incurred by Erickson’s automobile.
Judgment was rendered in favor of plaintiffs as prayed for and the defendants’ re- *748 conventional demand was dismissed, hence this appeal.
In order to avoid repetitious designation of parties plaintiff and defendant, we shall hereinafter apply the appellation plaintiff to David Cotton, Jr. and defendant to Charles Erickson.
The record reveals, as we have so often observed heretofore, the usual controversial facts and disputations ad infinitum, almost always present in an intersectional collision of automobiles.
Plaintiff testified that on the night of the accident he was accompanied by two guest passengers, Shelven Vaughn and Nathan Lee; he was driving between 20 and 25 miles per hour in Annunciation Street in the general direction of “uptown”; upon entering the intersection of Annunciation and Josephine Streets, a neighborhood with which he is very familiar, he observed a car approaching from his right in Josephine Street, which he anticipated would obey the stop sign before entering Annunciation Street; he instantly realized that defendant was not going to stop and it was then that he endeavored to avoid the impending collision by turning “a little to the left”; he was cautious in this maneuver for fear of driving his vehicle into one of the residences situated on the riverside of Annunciation Street; he heard the tires of defendant’s car skid and then felt the impact resulting from the collision; upon alighting from his car he observed “skid marks” impressed by defendant’s tires upon the surface of the roadway, beginning at about the lakeside curb line of Annunciation Street and extending about ten feet into the intersection. He stated that the right center and rear of his car were damaged as a result of being struck by the front section of defendant’s car. Vaughn testified and substantiated plaintiff’s testimony in all of its essential aspects. Lee did not testify and no reason appears in the record for his failure to appear in plaintiff’s behalf.
Both plaintiff and defendant admit that .a “stop sign” is located in the uptown lake ■corner of Josephine Street prohibiting the •operator of vehicles therein from entering Annunciation Street without previously stopping. The litigants likewise concede that the downtown lake corner is, what our jurisprudence has designated, a “blind” or at least “semi-blind corner”.
Defendant testified that on the night of the accident he was accompanied by three guest passengers; his wife, Rene Duplessis and Milton Stire; he was driving in Josephine Street in the direction of the river; when he reached the intersection of Annunciation Street he brought his vehicle to a complete stop, carefully looked to his left and right, and having ascertained that no other vehicle was approaching which would impede his safe passage, he proceeded to enter the intersection; in defendant’s answer he alleged that “the front of his car was about one-fourth of the way into the intersection when he noticed a car coming around the curve (the record indicates that this curb is two blocks removed from the situs of the accident) from his left at a fast rate of speed; that he immediately brought his car to a complete stop, leaving ample room for the car to pass in front of him; that this car made no effort to avoid the accident, but, on the contrary, kept coming straight ahead and ran into the left front of defendant’s car;” whereas he testified under direct examination of his counsel that after bringing his vehicle to a “stop” he proceeded to enter the intersection “went about five feet * * * and I stopped and that’s when he crashed into me”; that the first time he saw plaintiff’s vehicle was “as he hit me”. He also testified under cross-examination that the statements made by him in his answer to plaintiff’s suit, on the same subject matter were not true, but “What I gave to this man here (referring to his attorney or the court stenographer) is true”; defendant stated that plaintiff was operating his vehicle about forty-five miles per hour. Defendant’s wife, Duples-sis, Stire and Mrs. Yvonne Briscoe, a resident of a “housing project” located in the immediate vicinity of the accident, testified and endeavored to substantiate defendant’s testimony.
Plaintiff insists that the sole cause of the collision was the negligence of de *749 fendant in operating his vehicle in a reckless manner; failing to maintain a proper lookout and avoid the collision; neglecting to grant the right of way to plaintiff; and in disobeying a “stop sign”.
Defendant, in his endeavor to resist these contentions, maintains that the collision was not caused by his negligence, but solely by the gross negligence of plaintiff in driving the vehicle at a speed of 45 miles per hour; failing to afford defendant the right of way; in neglecting to maintain a proper lookout and to avoid the accident.
We have carefully analyzed the .actions of the plaintiff and find that he was entirely free of negligence, therefore, the only question posed for our consideration is one of fact and that is whether defendant’s negligence was the proximate ■cause of the accident.
The trial judge resolved the answer to this question in the affirmative and our careful examination of the evidence fails to disclose any error in his conclusion.
The record reflects the very evident fact that defendant failed to “stop” in Josephine Street in obedience to the “stop sign” which would have afforded him ample opportunity to see the approach of plaintiff’s vehicle. Therefore, defendant’s negligence, in this respect, was the proximate -cause of the accident.
The record shows that' damages in the .amount of $155.05 to plaintiff’s car have been adequately proven.
The defendants insist that David -Cotton, Sr. is without a right of action in this cause for the reason that “the subro-gation receipt introduced in evidence by him, shows on its face that the Emmco Insurance Company was subrogated to all -of the rights of David Cotton, its assured, and therefore, since the assured assigned •all his rights to his insurance company, he does not have a right of action to claim any sum whatsoever from defendants.”
The assignment, which is in the record, •shows that David Cotton transferred the -entire claim to his insurer, Emmco Insurance Company, but it also shows that he authorized the insurer to bring suit in his name should it elect to do so. Under the circumstances we see no reason why the defendants should object to the fact that the suit has been brought in the names of both the original claimant and the sub-rogee. Only one claim is made for the entire amount, and, by the discharge' of the judgment, the defendants will protect themselves against further claim by either Cotton or his assignee.
In Marmol v. Wright, La.App., 62 So. 2d 528, we discussed at some length the effect of subrogations, partial or in full, in such situations as are found here. There we held that a single claim may not be divided into two or more parts over the objection of the tortfeasor. However, that is not what has been done here. The entire claim has been assigned with the right in the assignee to present' the claim in the name of either the original claimant or in its own name. Here the single claim is presented in the names of both.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.