McBRIDE, Judge.
The Cadillac automobile owned and driven by Frank Dane sustained damage to the extent of $106.94, in a collision with a Chevrolet' automobile owned and operated by William B. Peirce, on the. afternoon of January 3, 194$, at of about the intersection of Elysian Fields Avenue and North Derbigny Street. Both automobiles were traveling on Elysian Fields Avenue in the direction toward the Mississippi River. The accident occurred when the Chevrolet car endeavored to pass between the neutral ground curb and' the left side of the Cadillac car.
Dane subrogated $81.94 of his claim to Motors Insurance Corporation. By joint suit against Peirce and his liability insurer, United States Casualty Company, Dane’ and Motors Insurance Corporation seek to recover from defendants solidarily the amount of the damage to the Cadillac automobile. Motors Insurance Corporation claims $81.94 as Dane’s subrogee, and Dane claims $25.
Among the specific charges of negligence leveled against Peirce plaintiffs allege that he attempted to pass Dane’s Cadillac “without having sufficient room to do so.” Defendants -deny any fault on the part of *218 Peirce and aver that the accident happened solely because of the negligence of Dane, and, in the alternative, Dane is charged with being contributorily negligent in several particulars.' In a reconventional demand Peirce prays for a judgment against Dane for the amount of damages to his Chevrolet automobile amounting to $84.80
Plaintiffs .recovered judgment for the amounts respectively claimed by them; the reconventional demand was dismissed. Defendants have appealed.
Defendants have reurged before us their exceptions of no cause of action and misjoinder of parties plaintiff. The argument underlying these exceptions is that a debt is indivisible without the consent of both parties, and a debtor cannot be compelled to pay the debt to a number of transferees among whom it pleases the creditor to divide it. The contention is that Peirce and his insurer cannot be forced to pay part of the claim to Dane and part of the claim to Motors Insurance Corporation. The exceptions are without merit. Under the circumstances we see no reason why the defendants should object to the fact that the suit has been brought in the names of both the original claimant and his partial subrogee. Only one' claim is asserted for the entire amount, and by the discharge of the judgment the defendants will be fully protected against further claim by either Dane or Motors Insurance Corporation. See Emmco Ins. Co. v. Erickson, La.App., 63 So.2d 747.
The parties entertain conflicting views as to how the accident occurred. Dane and a passenger in his automobile testified that although Peirce blew his horn as a signal that he intended to pass the Cadillac automobile, Dane was unable to swerve to the right and create a path sufficiently wide to allow such passage, because there was other traffic consisting of a parked automobile and a boy riding upon a bicycle to Dane’s right. Peirce, on the other hand, contends that Dane first swerved to the right far enough to allow the Chevrolet to pass the Cadillac, but that Dane maneuvered his car to the left just as Peirce was in the process of passing, which resulted in the collision between the two cars. Defendants produced as their witness the driver of an automobile which was following the Cadillac, whose testimony partly corroborates the statements of Peirce.
The only question posed for our consideration is one of fact, and a decision is to depend on which testimony is to be believed. The trial judge resolved the answer to the question in plaintiffs’ favor, and reached the conclusion that the accident 'happened solely because of Peirce’s negligence, and our careful examination of the evidenc'e fails to disclose any manifest error in the judgment. After all, the trial judge is in a superior position to determine the veracity of the witnesses in the case.
Therefore, the judgment appealed' from must be affirmed.
Affirmed.