McBRIDE, Judge.
On June 27, 1953, about 5 o’clock p. m., William G. Finnan’s Cadillac coupe automobile was damaged to the extent of $115.-26 when run into in the 700 block of Harrison Avenue by an automobile owned and driven by C. A. Schreiner. Finnan and his subrogee, Hardware Mutuals Casualty Company, by original and supplemental petition, claimed of Schreiner the above amount and after trial there was judgment in favor of Finnan for $28.16 and in favor of the sub-rogee for $87.10 against Schreiner, who has appealed from the judgment.
In the trial court Schreiner interposed an exception of no cause or right of action which was overruled and he reurges the exception before us. Plaintiffs originally filed suit against both Mr. and Mrs. Schreiner, making the allegation that Mrs. Schreiner was driving the automobile which caused the damage to Finnan’s automobile, but by supplemental and amended petition plaintiffs alleged that the vehicle was not driven by Mrs. Schreiner but, on the contrary, was driven by her husband. Plaintiffs’ prayer is for a judgment against both Mr. and Mrs. Schreiner. The defendant advances the argument that neither the original nor supplemental and amended petition charges Schreiner with any negligent acts. He points out that in the original petition only Mrs. Schreiner is charged with the specific acts of negligence and that in the supplemental and amended petition, which alleges that Schreiner was driving, there appear no allegations at all that Schreiner was guilty of any negligent conduct.
We think that the lower court properly overruled defendant’s exception. By originally impleading Schreiner as a defendant and alleging in the supplemental and amended petition that he, and not his wife, was operating the automobile, all the acts of negligence originally ascribed to Mrs. Schreiner as the driver of the car were by inference charged to Schreiner.
No good purpose would be served by reciting the acts of negligence with which the respective drivers charged each other. Finnan and Schreiner were the only witnesses and as would naturally be expected their testimony as to what happened is glaringly at variance. The only point of agreement as between them respects the general location of the scene of the collision. Finnan says he was driving along Harrison Avenue toward Canal Boulevard at about 20 to 25 miles an hour and that just as he was passing a drug store on the corner of Vicksburg Street, Schreiner’s automobile which had been parked at a 45-de-gree angle against the curb was backed out into the traffic lane and the left portion of its rear bumper struck the rear of the right fender of the Finnan car scraping along the car’s side, which caused Finnan to lose control and the car swerved over to the left and into the curbing. It is true, as counsel for defendant argues, there is some apparent confusion in Finnan’s testimony; he initially stated that Schreiner’s automobile struck “the door and rear fender” of his car, but a reading of the testimony as a whole convinces us that its unmistakable import is that it was the rear of the front fender which was hit by the backing automobile.
On the other hand, Schreiner says he backed' his automobile from the curb but *863 ' to a point in the traffic lane where he could turn his wheels preparatory to driving forward toward Canal Boulevard, and that while he was in the act of straightening his front wheels, the Finnan automobile, which came from his rear, “brushed” his rear fender on the left side.
The trial judge accepted Finnan’s story and we do not doubt it in the least. We simply do not believe that Schreiner had already backed out into the roadway and was in the process of maneuvering his front wheels so that he could go forward when the accident occurred. Our firm conclusion is that Schreiner negligently backed out into the traffic lane without looking just as Finnan was passing thereby striking and causing the damage to Finnan’s automobile.
Counsel for the defendant seeks to make capital of the fact that Mrs. Fin-nan, who was a passenger in her husband’s autpmobile, was not produced as a witness, arid he contends that the inference was thus raised that her testimony would have been unfavorable to her husband’s cause had she testified. We do not believe that there is room in this .case for such an unfavorable inference for the reason that a litigant is not under the obligation of producing all persons who may have knowledge as t'o the occurrence; all that is required of the litigant is that he produce sufficient evidence to prove his case by a preponderance of the evidence, and we believe that Finnan’s evidence, carrying more weight as it does than Schreiner’s evidence, makes out a perfect case for plaintiffs.
It was not necessary for plaintiffs to show exactly what were the Hardware Mutuals Casualty Company’s'dealings with Finnan. The petition alleges that- the Casualty Company is Finnan’s subrogee to the extent of $87.10 and both appear as plaintiffs, so there is no danger whatever that Schreiner will be called upon to pay the claim twice and thus he cannot be -heard to . complain. What business transactions took place between the two plaintiffs is no affair of Schreiner’s.
Plaintiffs’ aggregate claim of $115.-26 is fully supported by the evidence. However, they only claimed $108.88 in their original petition. This was less than the true amount of the damage sustained by the Finnan automobile but the plaintiffs did, in their supplemental petition, pray for an increase in the amount to $115.26. By so augmenting the demand plaintiffs cannot be said to have waived the overplus. See Code of Practice, art. 156.
The judgment, appealed from is affirmed.
Affirmed.