McBRIDE, Judge.
This suit arises out of an automobile collision which occurred on August 15, 1954, at 6:45 a. m., in the intersection formed by the lane on Esplanade Avenue reserved for traffic moving toward the river and Decatur Street. Esplanade Avenue is a wide boulevard bisected by a neutral ground and has two lanes set aside for vehicular traffic. The automobiles involved were a 1950 Dodge sedan owned by Patrick J. Tyrell, and operated by Oscar C. Curry, and a 1950 Oldsmobile owned by Robert L. Roop, but driven by William Roop.
The Tyrell automobile sustained damage to the extent of $219.27, and this suit is brought by both Emmco Insurance Company and Patrick J. Tyrell against the Aetna Casualty & Surety Company, which is the liability insurer of Robert L. Roop’s car, for said amount. It is alleged that Emmco Insurance Company is the collision insurer of Tyrell and that it paid $144.27 of Tyrell’s damage and was subrogated to that portion of his claim. Tyrell bore $75 of the loss and he claims this sum.
The driver of the Roop vehicle is charged with negligence in several respects. The defense is that William Roop was not negligent but that Curry, who drove the other *251 ■car, was and, in the alternative, Curry is charged with contributory negligence.
The matter was heard on its merits in the city court which gave judgment in favor of Patrick J. Tyrell against the defendant insurer for $75, but for some reason which the record does not disclose the suit insofar as the claim of Emmco Insurance Company is concerned was dismissed and the said plaintiff has taken this appeal.
The defense produced no evidence at the trial, and apparently the only eyewitness it could have produced was William Roop, and from a statement made in the récord by defendant’s counsel, William Roop was not produced because he is a member of the U. S. Navy Air Force and his whereabouts is unknown.
The evidence adduced by plaintiffs makes out a clear case of negligence against William Roop. It was shown that he had been driving the Oldsmobile car toward the lake on Esplanade Avenue, and that upon reaching Decatur Street he executed a left turn while traveling at 40 miles per hour and continued on across the neutral ground and then without stopping entered the lane in which Tyrell’s car was traveling with the result that the Tyrell car, which was in close proximity of Decatur Street, crashed into the Roop car. Curry had been driving at a normal rate of speed and in a careful manner and he could have done absolutely nothing to avoid running into the Roop car. He applied his brakes in the emergency but was unable to stop in time to avert the accident. We find no negligence on Curry’s part which could possibly have contributed to the accident.
Counsel for the defendant take exception both to the form of the subrogation upon which Emmco Insurance Company bases its claim and the time at which it was given. We are not in the least concerned with the contentions made by defendant with reference to the subrogation. It was not necessary for the plaintiffs to show what were the Emmco Insurance Company’s dealings with Tyrell. The petition alleges that said insurance company is Tyrell’s subrogee for part of the claim and both appear as plaintiffs, so there is no danger whatever that Aetna Casualty & Surety Company will be called upon to pay the claim twice and thus said defendant cannot be heard to complain. Defendant is not privileged to inquire into the business transactions of the plaintiffs inter se, or whether the subrogation is valid. See Hardware Mutuals Casualty Company v. Schreiner, La.App., 82 So.2d 861; Motors Ins. Corp. v. Peirce, La.App., 70 So.2d 217; Emmco Ins. Co. v. Erickson, La.App., 63 So.2d 747. See also John M. Walton, Inc., v. McManus, La.App., 67 So.2d 130; Hansen v. Hickenbotham, La.App., 61 So.2d 620.
With reference to the amount of the damage sustained by Tyrell’s' car, we find that there is a stipulation in the record to the effect that counsel agreed that the sum of $219.27, as per an estimate of the damages made by Ferrand & Danigole, be the “measure” ,o.f the judgment “in the event of liability.” This could only mean one thing and that is that counsel agreed if the defendant insurer is held to be liable for'Tyrell’s damage, then there should be a judgment in plaintiffs’ favor for $219.27.
The trial judge erred in not rendering judgment in favor of the plaintiffs jointly for the amount of the damage as prayed for in their petition. However, as the judgment insofar as it runs in favor of Patrick J. Tyrell is final and executory, we can make no decree which could in any wise or to any extent affect that judgment, so the result in the case must be that the appellant have judgment for the remainder of the $219.27 or for $144.27.
For the reasons assigned, that portion of the judgment which dismisses the suit of Emmco Insurance Company be annulled and reversed, and it is now ordered that the judgment be amended so as to provide that said appellant have judgment against defendant for the sum of $144.27, with legal interest from judicial demand until paid, *252 and as thus amended the judgment is affirmed. . Defendant is cast for the costs in both courts. ■■■
Reversed in part; amended and affirmed in part.