REGAN, Judge.
Plaintiffs, Sam J. Miller and his subrogee collision insurer, Emmco Insurance Company, instituted this suit against the defendant, Adolph N. Ferrara, endeavoring to recover the sum of $153.16 [1], representing property damage to Miller’s vehicle incurred through the negligence of defendant in disregarding a stop sign and colliding with plaintiff’s vehicle in the intersection of Burdette and Belfast Streets in the City of New Orleans.
Defendant answered and denied negligence, and in the alternative pleaded the contributory negligence of plaintiff Miller.
From a judgment dismissing plaintiffs’ suit, they have both prosecuted this appeal.
The record reveals that both Belfast and Burdette Streets are single roadways, which accommodate two-way traffic. At the point where Burdette Street intersects Belfast, traffic moving therein is regulated by a “stop” sign.
At 9 a. m. on December 9, 1956, plaintiff testified that he was driving in a downtown direction in Belfast Street and immediately before he entered the intersection where Burdette crosses Belfast Street, he observed the defendant’s vehicle approaching in Burdette Street from his right at a slow speed. Plaintiff stated he also was moving slowly at a speed of approximately 15 or 20 miles per hour because a light rain had caused the streets to be slippery. He testified he did not alter his speed when he initially noticed the defendant since a stop sign faced the defendant and his slow progress indicated he would stop in obedience thereto; however, defendant failed to heed the admonition of the sign and by the time plaintiff became aware of this fact, the collision was imminent and he could not brake his vehicle in sufficient time to avoid the accident. As a result of the impact, the right front fender and door of plaintiff’s vehicle were damaged and defendant’s vehicle incurred damage to the right front bumper.
John Schwall, the police officer who conducted the ensuing investigation of the accident, appeared on plaintiff’s behalf and testified as to what physical evidence was discovered by him at the scene thereof. He stated he observed skid marks 23 feet long, which were impressed upon Burdette Street and began at a point approximately four feet beyond the stop sign, which was erected 15 feet from the corner. The skid marks extended four feet into the intersection. At the end thereof, the investigating officer found the debris which indicated the point of impact was approximately in the center of Burdette Street.
Defendant then related his version of the manner in which the accident occurred. He said he was driving in Burdette Street toward the lake and upon reaching the intersection of Belfast Street he stopped in obedience to the sign regulating Burdette Street traffic. He then looked to his left and noticed plaintiff’s vehicle about 75 feet from the intersection approaching at a speed of approximately 25 miles per hour. Fie then started to cross the intersection but immediately applied the brakes of his *50 vehicle when he realized that an accident was imminent, but it was too late both from the standpoint of time and distance to avoid the collision.
The testimony of Walter A. Daniel, Jr., service manager of New Orleans Motors, established plaintiff’s damages in the amount of $153.16; no evidence was inscribed in the record to establish the existence of a subrogation executed in favor of plaintiff insurer, which was alleged in plaintiffs’ petition.
The trial judge apparently predicated his dismissal of plaintiffs’ suit on a finding of contributory negligence; therefore, the first question which this appeal poses for our consideration is whether the record reveals error in the trial court’s finding of contributory negligence.
Counsel for plaintiff asserts that a motorist traveling on a favored thoroughfare may assume that cross traffic entering from an inferior street will obey a stop sign regulating traffic therein and his failure to anticipate defendant’s disregard of the warning does not constitute negligence.
Defendant conversely insists that he had pre-empted the crossing, and despite the fact that plaintiff was traveling on a superior street, defendant’s pre-emption created a duty upon plaintiff to yield the right of way, which he failed to do.
The jurisprudence clearly outlines the rights and duties of a motorist approaching and crossing an intersection when he is on a favored thoroughfare. If he sees a vehicle approaching on a less favored street, regulated by a stop sign, he may assume that the less favored vehicle will respect his right of way, unless he is or should have been apprised by some circumstance that the other motorist will not in fact respect his superior right of way. And then his failure to yield the right of way will constitute negligence only if he was or should have been aware of the impending danger in sufficient time to avert the collision.[2]
In applying this rule of law to the facts before us, we are compelled to conclude that the defendant’s negligence was the proximate cause of the accident. By defendant’s own admission plaintiff was traveling slowly. Further, the physical evidence supports Miller’s assertion that defendant disregarded the stop sign, for the skid marks impressed upon the street by the tires of his vehicle began approximately four feet behind it. The record also fails to disclose any facts which would have caused plaintiff to anticipate that the defendant would ignore the stop sign. Therefore, we are of the opinion that the trial judge committed reversible error in finding the plaintiff negligent.
Defendant also insists that plaintiff insurer has no standing in court, because it failed to establish the subrogation agreement as set forth in plaintiffs’ joint petition.
We find no merit in this contention. Both the subrogor and the subrogee were plaintiffs in the petition which alleged the agreement of subrogation; therefore, defendant cannot possibly be subjected to a second suit by the subrogor arising out of the same cause of action. This is so because the subrogor who had joined in the petition alleging the subrogation would be estopped by his own pleadings from instituting further proceedings.[3]
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Emmco Insurance Company, in the amount of $103.16 and in favor of plaintiff, Sam Miller, in the amount of $50, and against the defendant. Defendant is to pay all costs.
Reversed and rendered.

. Under a policy of collision insurance, with a $50 deductible provision, Emmco Insurance Company asserts it reimbursed plaintiff Miller to the extent of $103.16 of its damages, and sues for that amount as Miller’s subrogee. Miller’s claim is limited to $50.

. Cole v. Sherrill, La.App.1942, 7 So.2d 205; Koob v. Cooperative Cab Co., 1948, 213 La. 903, 35 So.2d 849.

. Emmco Insurance Company v. Aetna Casualty & Surety Co., La.App.1956, 86 So.2d 249, and cases cited therein.