135 So.2d 548 (1962)
Mrs. Willine HAYNES, Plaintiff-Appellant,
v.
MODERN WOODMEN OF AMERICA, Defendant-Appellee.
No. 467.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
*549 Sanders & Long, by Martin S. Sanders, Jr., Jena, for plaintiff-appellant.
Gaharan & Richey, by Philip S. Gaharan, Jr., Jena, for defendant-appellee.
Before TATE, FRUGÉ, and HOOD, Judges.
TATE, Judge.
This suit is brought on behalf of minor beneficiaries of certain policies insuring the life of Sheppard Haynes issued by the defendant insurer. These policies provided for the payment of double their face amounts if the insured met death by accidental means. Haynes, the insured, was shot to death, and this suit was brought to recover such double indemnity benefits. (The face amounts of the policies were paid prior to the suit.)
The plaintiff tutrix appeals from the trial court's dismissal of this suit and its holding that recovery is barred by an exclusion clause of the policy providing that the insurer was not liable for double indemnity benefits "* * * if the Insured's death results from any altercation in which he is personally engaged or the commission of any assault * * *."
The principal issue raised by the plaintiff's appeal concerns whether the trial court erred in holding that the decedent had died as a result of an altercation or assault in which he was the aggressor.
Plaintiff's able counsel relies upon jurisprudence holding that, while the beneficiary has the burden of proving an accidental death in order to recover double indemnity benefits, nevertheless, once the accidental death is thus proved, the burden then shifts to the defendant insurer to show by a preponderance of the evidence that such insurer is nevertheless not liable by reason of an exclusion clause of the policy in question. Cutitto v. Metropolitan Life Insurance Co., 185 La. 161, 168 So. 761; Bologna v. New York Life Insurance Co., La.App.Orl., 40 So.2d 48, rehearing denied La.App., 40 So.2d 533; Lafield v. New York Life Insurance Co., La.App. 2 Cir., 9 So.2d 248; Beco v. People's Industrial Life Ins. Co. of Louisiana, Orl., 9 La. App. 371, 119 So. 281.
The evidence clearly shows that the decedent met an accidental death by violent means within the meaning of the policy. He was shot four times by one Pat Johnson, as a result of which he died almost immediately. The principal question before us, then, is whether the insurer has met the burden of proof for its adequately-pleaded special defense that it is not liable for double indemnity benefits because of the quoted exclusion clause.
*550 The evidence further shows the following:
The decedent Haynes operated a small lounge and restaurant. On the evening of Haynes' death, Johnson and a companion, Beach, both young men in their early twenties, came to the decedent's lounge. After they had ordered their second beer, the decedent Haynes accused Johnson of having stolen a pocketknife on a prior occasion. Johnson denied this.
As Haynes went back to the counter to ring up the sale, Johnson suggested to Beach that they leave, saying "Lets go. If he wants to start a fuss with me over a pocket knife, we'd better go." However, when the two boys were almost to the door, the decedent Haynes, who was then standing by a door to the kitchen, called "Hey, Johnson, come here." Haynes stayed inside the kitchen as Johnson came up to the door.
Beach, the only witness testifying to the incident between the two men, said that he saw Johnson walk up to the door, and then be knocked back from it with a little scratched place on the side of his neck, as if he had been hit by something (although Beach did not actually see the blow). Johnson then charged into the kitchen.
Beach heard Johnson and Haynes struggling. He heard three shots, then 3 shots more, thenat which time Beach walked to the door (having been hiding behind the counter theretofore), he saw Haynes standing straight up, wounded, facing the door, and also facing Johnson who was on the floor on his back. Beach next saw Johnson fire the last shot, after which Haynes fell backwards, dying almost immediately.
The evidence proved that all shots were fired from a small .22-calibre pistol which Johnson had previously had concealed on his person. Haynes himself, however, was also armed with a pistol sticking out of his belt, although Haynes had not drawn or fired his pistol.
Pretermitting discussion of broader grounds for non-liability urged by the defendant insurer, including a broader construction of the exclusion clause in question, we will state that at any rate, as the plaintiff's able counsel concedes, recovery for the decedent's death is excluded if the decedent was the aggressor in the altercation. See, e. g., Franchebois v. New York Life Ins. Co., 171 La. 358, 131 So. 46, 47; Annotation, "What amounts to `assault', `combat', or `fighting' by insured * * *", 97 A.L.R. 760; 1 Appleman, Insurance Law & Practice (1941), Sections 489 (p. 607), 490 (p. 609), 491 (p. 610), 512 (p. 620); 20 Am.Jur. "Insurance", Sections 1190 (p. 332) and 1201 (p. 341). (It is also unnecessary to discuss counsel's further argument that, even if the decedent was the aggressor, nevertheless there should be recovery because the decedent was withdrawing from the affray at the time he was shot. Cf., Grose v. Liberty Industrial Co., 1 Cir., 6 La.App. 390. We do not construe the evidence as indicating any withdrawal from the altercation by Haynes.)
We must admit that there is force to the appellant's argument that the decedent Haynes cannot be considered an aggressor because, although fully armed, he did not use his firearm in the scuffie even after he had been fired at by Johnson. But nevertheless we find no manifest error in the trial court's factual determination that the decedent Haynes had provoked and was the aggressor in the altercation.
The uncontradicted evidence reasonably shows that Haynes, after having previously charged Johnson with having stolen a pocketknife, then called Johnson back as Johnson was in the process of leaving in order to avoid trouble, and that Haynes struck the first blow. And, since Haynes himself was openly armed with a pistol when he provoked the altercation, we are not faced with the question that might have arisen had Johnson's own use of a pistol been such excessive force beyond what *551 was reasonably foreseeable, so that it might be argued that no proximate relationship existed between the initial aggression and the unforeseeably excessive response. Cf., Union Casualty & Surety Co. v. Harroll, 98 Tenn. 591, 40 S.W. 1080, 1897; Robinson v. United States Mut. Acc. Ass'n, C.C. Mo., 68 F. 825, 1895.
Appellant further points out that neither party called Johnson, the only other available eyewitness to the incident in which he shot the decedent. Appellant suggests that, since the defendant insurer had the burden of proving its special defense, then that its failure to call Johnson should create a presumption that Johnson's testimony would have been unfavorable to such special defense.
The party which has the burden of proof may indeed suffer adverse consequences if it fails to call a key witness, when, without the testimony of such witness, the evidence is insufficient to meet the burden it bears to produce a preponderance of the proof.
But here the defendant insurer produced uncontradicted evidence sufficient to prove its special defense. It has thus met its burden. A litigant is not required to produce all witnesses with knowledge of the occurrence; all that is required is that he produce sufficient evidence to prove his case by a preponderance of the evidence and, if he does so, no unfavorable inference attaches to his failure to call other available witnesses. Gunter v. Lord, La. App. 3 Cir., 132 So.2d 488 (certiorari denied as to liability, although granted restricted to the question of medical expenses); Stevens v. Dowden, La.App. 3 Cir., 125 So.2d 234; Pickett v. Norwich Union Fire Ins. Society, La.App. 1 Cir., 119 So.2d 566; Hardware Mut. Cas. Co. v. Schreiner, La.App. Orl., 82 So.2d 861.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff's suit is affirmed, at her cost.
Affirmed.