HEARD, Judge.
Bennie Lee Bowman brings this action against Inter-Ocean Insurance Company for the proceeds of an accidental death policy issued by defendant to the insured, Tom Bowman, who met his death on January 22, 1967 as a result of a gunshot wound. The fatal shot was fired by Fred Conner.
It was stipulated between the parties that the premiums were paid up to date at the time of the death of Tom Bowman. As beneficiary plaintiff contends she is entitled to the proceeds of the policy in view of the fact that the death was acci *580 dental within the terms of the policy. Defendant contends Tom Bowman, the deceased, was the aggressor and in view of that fact Bowman’s death was not accidental and plaintiff’s demands should be rejected. It was also stipulated if the court should find Tom Bowman was the aggressor, his death would not be accidental within the terms of the policy. Therefore, the only issue in this case is a question of fact as to whether or not Tom Bowman was the aggressor.
The only witness to the events surrounding Bowman’s death was the man who shot him, Fred Conner. Conner testified at the coroner’s inquest and at the trial that he left his home to get cigarettes, and as he drove down the road he was passed three or four times by Bowman who attempted to flag him down. In an effort to keep Bowman from running him off the road Conner drove down the center of the road; thereafter Bowman went into the ditch and passed Conner. Bowman then blocked the road by parking his car at an angle on a bridge. Conner testified that it was with difficulty he was able to stop his car at the bridge, and when he finally did get it stopped and proceeded to get out of his truck Bowman began to curse him and stated that he, Bowman, knew he would trap him. Conner testified that at this time Bowman’s foot was on the ground and after Bowman made his statement Conner saw his gun and shot him. After the shooting Conner turned himself in to the Caddo Parish Sheriff’s Department and gave the coroner a statement. Deputy Sheriff Fred May found Bowman’s body in his car, a .38 caliber pistol in his hand. Conner surrendered his shot gun and a 30-30 caliber Winchester that he took from Bowman to the sheriff. There was a history of bad blood between the two men. The record reveals two fights between them, one in which Conner shot Bowman in the leg and another in which Bowman attempted to knife Conner at a party. The hostility was due to Conner’s relation with the plaintiff, Bennie Lee Bowman, the common law wife of Tom Bowman. Both Conner and Bennie Lee Bowman admitted running around with each other and that Bowman had threatened to kill them both if he ever caught them together. She also testified that Bowman stated the community was too small for Conner and Bowman and one of them would have to die. Conner, however, contended he had not been out with the plaintiff in more than a year. The record shows that both men carried guns. Conner testified he was afraid for his life on the night of the shooting and had his gun with him when he got out of the truck; further, that Bowman had his gun and that he had seen the rifle before he fired. Conner said he fired first in order to shoot Bowman before Bowman shot him.
From a reading of the record we are convinced that the trial judge was correct in finding Bowman to have been the aggressor. The law is clear that if an insured is an aggressor and his actions precipitate his death there can be no recovery under the policy. Johnson v. Combined Insurance Company of America, 158 So.2d 63 (La.App., 1st Cir. 1963); Griffin v. First National Life Insurance Company, 155 So.2d 74 (La.App., 1st Cir. 1963); and Campbell v. Metropolitan Casualty Insurance Company, 176 So. 233 (La.App., 1st Cir. 1937).
We find no manifest error in the conclusion of the trial court and therefore the judgment is affirmed, at appellant’s cost.