EDWARDS, Judge.
Defendant-appellant, National Life and Accident Insurance Company (National) appeals from the trial court’s decision in favor of plaintiff Eva Mae Johnson granting double-indemnity benefits under a life insurance policy issued to her decedent-son, Charles Gilbert Williams (Charles).
It is stipulated that the original $500.00 policy (which has been paid) has a double-indemnity provision, plus a rider which doubles again the total amount of the policy, if due, to $2000.00. The trial court found that the additional amount of $1,500.00 plus interest from judicial demand and costs were due. It similarly denied plaintiff’s claim for penalties and attorneys fees. We affirm.
The policy provides for the double indemnity payments if the death resulted directly, and independently of all other causes, from bodily injuries effected solely through external, violent and accidental means.
It is the burden of the plaintiff initially to establish that the death of the insured was “accidental”; that is, that the death resulted “directly, and [independently] of all other causes, from bodily injuries effected solely through external, violent and accidental means.” Willis v. Willis, 287 So.2d 642 (La.App. 3rd Cir. 1974).
“Accidental” death has been explained as follows:
* * * If it be manifest that death was neither occasioned by natural causes nor by the deceased himself, it at once becomes evident that the ‘violent and accidental’ must be considered as cause.
* * * It may be logically inferred— indeed, it must be inferred, as it was not a natural death or a suicide—that the death was caused by external, violent and accidental means.
Willis, supra; Konrad v. Union Casualty and Surety Co., 49 La.Ann. 636, 21 So. 721 (1897).
It was stipulated herein that the insured died of a gunshot wound, as reflected in the coroner’s report. This is the antithesis of a natural cause. Secondly, the law presumes the love of life and ne *89 gates suicide, of which no evidence was offered. Therefore, plaintiff has established a prima facie case of “accidental” death.
Once the initial burden is met by plaintiff, the burden then shifts to the insurer to show by a preponderance of the evidence that such insurer is nevertheless not liable by reason of a special defense or an exclusion clause. Willis, supra; Haynes v. Modern Woodmen of America, 135 So.2d 548 (La.App. 3rd Cir. 1962).
Defendant-insurer herein contends that the insured was an aggressor and his death was therefore not accidental. Such contention, if proved, would indeed preclude recovery under the policy. Willis, supra, and cases cited therein.
We conclude, however, that the burden of proving that the insured was the aggressor was not met. Defendant insurer must rely on the testimony of Alice Ruth Price Williams, the only eyewitness, to meet this burden. Her testimony, because of her numerous invocations of the privilege agsinst self-incrimination (criminal charges against her in connection with the death of the insured were yet viable at the time of this civil trial), was brief. She stated that the insured, after leaving that afternoon, returned that night and waked her. She let him in, an argument ensued, and he threatened to kill her. She was defending herself when the gun went off, and it was in the hands of the insured. She told the police officers that the shooting was accidental.
It is obvious that the trial judge disregarded this testimony in reaching his decision. Considering (1) the inconsistency between the pre-trial order wherein it was stipulated that the gun was in Mrs. Williams’ hands when it discharged and her statement to the contrary at trial, and (2) the obviously existing reasons (the possible criminal prosecution) for Mrs. Williams to give false, misleading, or self-serving testimony, we cannot say that the trial judge’s findings were manifestly erroneous.
Defendant-insurer further relies on two exclusions in the policy which deny the double-indemnity recovery if the death
(Ill) results from the Insured’s commission of, or attempt to commit, an assault or felony, or
(V) results from an altercation in which the Insured participates otherwise than as a spectator.
The burden of proving these exclusions is that of the insurer. Haynes, supra. For similar reasons as above mentioned, we can neither say that the trial judge committed manifest error in holding that the insurer likewise failed to carry its burden in establishing these exceptions.
The plaintiff has answered the appeal seeking penalties and attorney’s fees. We agree with the trial court’s refusal to grant same.
For these reasons, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.