Rosa Lee DUGAS, Plaintiff-Appellee,

v.

TRAVELERS INSURANCE COMPANY,
Defendant-Appellant.

No. 85–4747
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 28, 1986.

Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur, Natchitoches, La., for defendant-appellant.

Wm. E. Skye, Alexandria, La., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Appellant, The Travelers Insurance Company, appeals the district court's entry of summary judgment. We reverse and remand.

I.

Charles J. Dugas, the son of Appellee Rosa Lee Dugas ("Dugas"), was shot and killed in Houston, Texas. Charles J. Dugas was insured under a group life insurance policy issued by Appellant The Travelers Insurance Company ("Travelers"). In relevant part, the policy provided:

If accidental bodily injury not hereinafter excepted shall be sustained by an Employee while insured under this part and shall result, within ninety days of the date of accident, in any one of the losses enumerated below, the Company will pay, subject to the provisions hereinafter contained, the sum set opposite such loss, but only one of the amounts so specified, the largest, will be paid for all injuries resulting from any one accident.

For loss of life, the amount to be paid was "the principal sum." The policy additionally contained four specific exclusions, providing that insurance would not cover (1) loss resulting from disease; (2) loss contributed to by mental or physical infirmity, surgical treatment or most infections; (3) loss caused or contributed to by act of war; or (4) loss resulting from suicide or any attempt thereat (sane or insane).

Dugas, the named beneficiary of the above quoted policy, claimed that her son had been "accidentally shot" and killed within the meaning of the policy, and that she should therefore recover the principal amount, $25,000, for the accidental death. Travelers contended that there could be recovery under the accidental death provisions of the policy only where the death resulted from "accidental" means. Travelers argued that since Charles J. Dugas was the aggressor in the incident which caused his death, his death was not an "accident"

within the meaning of that term as established by Louisiana jurisprudence. Dugas, on the other hand, claimed that Travelers could not avail itself of an aggressor defense absent an explicit exclusion in the policy withdrawing coverage if the insured were the aggressor in an affray causing his death.

The district court found that there were no genuine issues of material fact: Charles J. Dugas was killed instantly from a shotgun blast, and the insurance policy did not explicitly exclude coverage when an insured was the aggressor in an affray which caused his death. The court concluded:

> It is clear to us that in order to defeat the accidental death benefits claim of the plaintiff, the defendant must first show that there is an applicable exclusion in the policy in question. Cases which exclude coverage in this situation do so because of language in the policy and not as a matter of public policy.

Because the district court thus determined that there was no genuine issue of material fact and that Dugas deserved to win as a matter of law, it entered summary judgment for Dugas.

## II.

Under Fed.R.Civ.P. 56, summary judgment is appropriate when there exists no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. On appeal, Travelers argues that the district court erred as a matter of law: although there is admittedly no specific exclusion concerning the death of an aggressor-insured in the policy, such an exclusion is not necessary. Travelers maintains, since the death of an aggressor-insured does not qualify as an "accident" under Louisiana case law. We must agree. Our own review of the Louisiana case law contradicts the district court's conclusion that a specific exclusion is necessary in the instant case.

"It is the burden of the plaintiff initially to establish that the death of the insured was 'accidental' ...." *Johnson v. National Life and Accident Insurance Compa-*

ny, 331 So.2d 87, 88 (La.App. 1st Cir.1976). Such a burden will be sustained if the insured's death was not a natural death or a suicide; the court must then infer that the death was accidental. *Willis v. Willis,* 287 So.2d 642, 645 (La.App. 3rd Cir.1973). Once an accidental death is proven, the burden shifts to the insurer to show by "a preponderance of the evidence that such insurer is nevertheless not liable by reason of a special defense or an exclusionary clause of the policy in question." *Id.* at 645.

Although the district court apparently reasoned that the special defense of the insured's aggressor status must be contained within an explicit exclusionary clause, the Louisiana case law contains no such requirement. In *Cutitto v. Metropolitan Life Insurance Co.,* 185 La. 161, 168 So. 761, 762 (1936), the insurance policy provided for coverage "if the death of the insured resulted in consequence of bodily injury effected solely through external, violent and accidental means." Although there was no exclusionary clause so providing, the insurance company urged as a special defense that death was not "accidental" within the meaning of the policy, as the insured was shot by a third party acting in self-defense to ward off the insured's aggressive attack. The Louisiana Supreme Court held that the insurance company had failed to sustain its burden of proof and noted that "[it] is well established that where the insured is intentionally injured by another, and the injury is *not the result of misconduct or an assault by the insured,* but is unforeseen, in so far as he is concerned, the injury is accidental within the meaning of an accident policy...." *Cutitto,* 168 So. at 762 (emphasis added). *See also Barham v. State Life Insurance Co. of Indiana,* 17 La.App. 253, 135 So. 730 (2nd Cir.1931) (holding that insured's death in a fight, while not explicitly excluded from coverage, was not "accidental" within double indemnity provision of policy as insured was the aggressor in the fight); *Thom v. Metropolitan Life Insurance Co.,* 2 So.2d 269 (La.App.1941) (holding in case involving no exclusionary clauses relevant

to injury claimed, that insured's death was nevertheless not "accidental" and was thus beyond coverage of policy where insured was an aggressor who assaulted his opponent with a deadly weapon). More recently, in *Bowman v. Inter-Ocean Insurance Co.*, 241 So.2d 579 (La.App. 2nd Cir.1970), a case which also involved no explicit exclusions, the Louisiana Appeals Court concluded that coverage under an accidental death policy was properly denied because the insured was the aggressor in the shooting which caused his death. The court explained: "[t]he law is clear that if an insured is an aggressor and his actions precipitate his death there can be no recovery under the policy." *Bowman*, 241 So.2d at 580. Thus we conclude that the district court erred in holding as a matter of law that in order to defeat the accidental death benefits claim of Dugas, Travelers must first show an applicable exclusion of the policy in question.[1]

As we find that the district court erred in precluding Travelers from presenting its aggressor defense, we are faced with an issue of material fact as to whether or not Charles J. Dugas was the aggressor in the shooting that led to his death. We must therefore reverse and remand the district court's entry of summary judgment for further proceedings.

REVERSED and REMANDED.

---

[1] Nor do the three cases cited by the district court sway our conclusion. Indeed, in the first case, *Willis*, the Louisiana court noted that the insurer could escape liability by reason of "a special defense *or* an exclusionary clause." 287 So.2d at 645 (emphasis added). In *Johnson*, the insurance company again was allowed to put forth two arguments: first, that the insured was the aggressor and thus did not suffer an accidental death within the main coverage of the policy, and second, that the insured was also precluded from recovery by two specific exclusions. Finally, the third case cited by the district court, *Haynes v. Modern Woodmen of America*, 135 So.2d 548 (La.App. 3rd Cir.1962), although indeed focusing solely on the effect of a specific exclusionary clause on the insured's recovery for accidental death, did not hold that only a specific exclusionary clause would be relevant in the determination of what would or would not be considered an accidental death.