# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2020

Lyle W. Cayce
Clerk

No. 19-30890

American General Life Insurance Company,

*Plaintiff—Appellee*,

*versus*

Jaronet S. Whitaker,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4402

Before Smith, Willett, and Duncan, *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

Armond Jairon Brown was tragically shot by a police officer after a stand-off in (and in front of) a house. Brown's mother, Jaronet Whitaker, properly submitted claims to American General Life Insurance Company for (1) life insurance benefits and (2) accidental death benefits. AGLIC paid the former but not the latter. To deny the accidental death benefits claim, AGLIC reasoned that, because Brown was the initial aggressor in his death, Brown's death was not "accidental" within the meaning of the Policy.

No. 19-30890

Following this denial, AGLIC sought "a declaratory judgment . . . declaring that [AGLIC] properly denied Defendant's claim for proceeds under the Accidental Death Benefit Rider." Soon after, AGLIC submitted requests for admission to Whitaker under Federal Rule of Civil Procedure 36.[1] But there is no record of Whitaker's ever responding to AGLIC's requests for admission, let alone timely responding. And because Whitaker did not respond to these requests—nor were the admissions ever withdrawn or amended under Federal Rule of Civil Procedure 36(b)—the following admissions are factually conclusive:[2]

1. "when the police officers opened the front door of the residence . . . Jairon Brown had two knives in his hands";

2. "when police officers attempted to use non-lethal force, it did not incapacitate Jairon Brown";

3. "when Jairon Brown exited the residence . . . he was still holding two knives";

4. "once Jairon Brown was outside the residence, he began to walk down the footpath towards two officers, with the knives still in his hands, yelling Bible verses"; and

---

[1] FED. R. CIV. P. 36(a)(1)–(3) ("A party may serve on any other party a written request to admit . . . the truth of any matters . . . . A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . .").

[2] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) (unpublished) ("Under Rule 36(a), a matter in a request for admissions is deemed admitted unless the party to whom the request is directed answers or objects to the matter within thirty days . . . . Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record . . . . We have 'stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).'" (citing *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) and quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)).

No. 19-30890

5. "while walking down the footpath with knives in his hands, he failed to comply with the police officers' orders to drop the knives."

The district court granted AGLIC summary judgment, holding "the summary judgment evidence here and the undisputed record in [a related] civil action . . . establish that Brown was the aggressor in the situation that led to his death . . . . Under these circumstances, Brown was clearly the aggressor . . . . Thus, Brown's death was not 'accidental' within the meaning of the policy, and AGLIC properly denied Whitaker's claim under the accidental death benefit rider." Whitaker appeals.

We review summary judgments just as the district court did: summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Notably, we "can affirm a lower court's decision if there are any grounds in the record to support the judgment."[4]

Under Louisiana law, "if an insured is an aggressor and his actions precipitate his death," his death isn't "accidental," and "there can be no recovery under the policy."[5] Here, Whitaker's admissions conclusively establish that Brown was the aggressor—walking toward the officers with knives in his hands, failing to withdraw in response to non-lethal force—and that this pattern of aggression precipitated his death by provoking the

---

[3] Fed. R. Civ. P. 56(a); *Petzold v. Rostollan*, 946 F.3d 242, 247 (5th Cir. 2019) (citation omitted).

[4] *Bramblett v. Comm'r*, 960 F.2d 526, 530 (5th Cir. 1992).

[5] *Dugas v. Travelers Ins. Co.*, 785 F.2d 550, 552 (5th Cir. 1986) (citation omitted). Sitting in diversity, we apply Louisiana substantive law. *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014).

officers' responsive shooting.[6] Given Whitaker's binding admissions, there is no dispute of fact—let alone a material one.[7] Thus, under Louisiana law, Brown's death was not accidental, and Whitaker therefore cannot recover under the AGLIC accidental death rider.[8] For these reasons, we AFFIRM the summary judgment.

---

[6] Whitaker does not dispute that she never responded to these requests for admission; nor does she argue that the non-responded-to admissions are factually binding. Instead, she primarily takes umbrage with the district court's reliance on another court's factual findings. But, because we affirm the district court relying solely on the admitted facts, we express no view on her contention.

[7] Whitaker urges that her contradictory evidentiary submissions—affidavits and depositions—establish factual disputes; but, because of her admissions, this line of argument falls flat. *Williams*, 560 F. App'x at 244 ("Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record" (citation omitted)).

[8] *Cf. Lemay v. Life Ins. Co. of Sw.*, 688 F. Supp. 1118, 1120 (W.D. La. 1988) (finding decedent was the aggressor because he "pursued" a person while "armed with a deadly weapon" and made "no attempted withdrawal"); *Bowman v. Inter-Ocean Ins. Co.*, 241 So. 2d 579, 580 (La. App. 2 Cir. 1970) (finding decedent was the aggressor when decedent blocked a car, got out menacingly, and the blocked driver shot decedent after seeing a deadly weapon in decedent's car).